## Richmond.

CHESAPEAKE AND OHIO RAILWAY CO. v. HUNTER.

March 11, 1909.

1. PLEADING—*Declaration—Negligence—How Charged.*—It is not sufficient for a declaration to allege negligence in a general way (for to do so is only to state the pleader's conclusions of law from undisclosed facts), but it must aver the act of negligence relied on with reasonable certainty, and show that such act constitutes the efficient and proximate cause of the injury. Otherwise, no traversable issue is tendered, and the court cannot determine, as a matter of law, whether the declaration states a case of actionable negligence, and the defendant is not informed of the case he is called upon to defend. All that is required is that the declaration shall contain a concise statement of the material facts on which a recovery is demanded, and not bare conclusions from undisclosed facts. The evidence, of course, need not be pleaded, but the facts relied on as furnishing a cause of action should be sufficiently set forth to apprise the defendant of the ground of complaint.

Error to a judgment of the Circuit Court of Goochland county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*D. H. & Walter Leake,* for the plaintiff in error.

*James C. Page* and *Jas. Alston Cabell,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action is brought by the defendant in error, George Hunter, to recover damages for personal injuries received

while in the service of the plaintiff in error, the Chesapeake and Ohio Railway Company.

The only assignment of error which demands our attention relates to the action of the court·in overruling the demurrer to the declaration.

The declaration contains three counts, the *gravamen* of each of which is as follows:

1. That the defendant was the owner of an iron or steel rail of great weight, which was lying along its roadbed, and under the control of certain of its agents or servants; that it was the duty of the defendant, by its agents and servants, so to control, manage or handle the rail as not to carelessly and negligently injure the plaintiff, when not guilty of any negligence on his part.    Yet the defendant, by its agents and servants, conducted itself so carelessly and negligently in the management, control and handling of the rail as to allow it to fall upon and strike the plaintiff, inflicting the injuries of which he complains.

2. That on the occasion of the accident the plaintiff was employed by the defendant to help its other employees to handle and move the rail in question; and it was the duty of the defendant to exercise ordinary care in selecting competent servants, especially a competent foreman, to handle and move the rail.    Yet the defendant negligently failed to exercise such care in selecting a competent foreman, and in consequence of the negligent, unskilful and wrongful orders and directions given by such incompetent foreman, the rail was allowed to fall upon and strike the plaintiff, inflicting the injuries of which he complains; and

3. That the defendant's foreman, who had authority over the plaintiff, did not give the proper and necessary orders or directions about handling and moving the rail, but gave such negligent and reckless orders that the rail, which was being handled by the plaintiff with reasonable care, was untimely, carelessly and negligently thrown, and fell upon the plaintiff, inflicting the injuries of which he complains.

The cardinal vice of all these counts is that, while they iterate and reiterate in varying phrase the charge of negligence against the defendant, they wholly omit to state the facts upon which the alleged negligence is predicated.

It is well settled that it is not sufficient for the declaration to allege negligence in a general way (for to do so is only to state the pleader's conclusions of law from undisclosed facts) ; but it must aver the act of negligence relied on with reasonable certainty, and show that such act constitutes the efficient and proximate cause of the injury.   Otherwise, no traversable issue is tendered, and the court cannot determine, as a matter of law, whether the declaration states a case of actionable negligence, and the defendant is not advised of the case which he is called upon to defend.   Our reports contain numerous illustrations of this principle.

Thus, in the recent case of *Lynchburg Traction & L. Co.* v. *Guill,* 107 Va. 86, 57 S. E. 644, 1 Va. App. 322, the court, speaking through the president, observes: "Negligence is a conclusion of law from facts sufficiently pleaded.   The office of a declaration is to inform the defendant of the case which it has to meet, so that it may have a reasonable opportunity to prepare its defense.   It is not enough to say, that the plaintiff was injured and that the injury resulted from the careless and negligent conduct of the defendant, but the facts relied upon to establish the negligence for which the defendant is to be held liable must be stated with reasonable certainty."

Tested by that standard, the first count of the declaration is insufficient.   It states no fact from which the existence of actionable negligence can be inferred, or which informs the defendant of what it is required to answer.

So, with the second count, it avers, by way of premise, the duty of the defendant to exercise ordinary care in selecting competent servants, and especially, a competent foreman, to handle and move the rail, and the breach of that duty.   The pleader then proceeds to ascribe the accident to the negligent,

unskilful and wrongful orders and directions given by the incompetent foreman, without any suggestion as to what orders and directions were given; thus again substituting a bare conclusion for the facts from which it is to be deduced.

The third count is amenable to the same objection.

In the case of *Newport News & Old Point Ry. & Elec. Co.* v. *Nicolopoolos, ante,* p. 165, 63 S. E. 443, the court, speaking through Buchanan, J., says: "The third count does not aver in what particular the defendant failed to perform its duty. It charges generally that the defendant negligently ran its car into the plaintiff's wagon, whilst he was attempting to cross its track. As a count in trespass on the case, this count is not good under our decisions. * * * Whether *an action based upon negligence,* be in case or trespass, the same reason exists why the acts of negligence relied on as a basis of recovery should be stated in the one case as in the other. The object of a declaration is to apprise the adverse party of the ground of complaint."

This court has not laid down, nor does it propose to establish any unreasonable rules with regard to particularity of averment in declarations in personal injury cases. All that the rule requires is, that the declaration shall contain a concise statement of the material facts on which a recovery is demanded. Of course, the evidence relied on to sustain the averments of the declaration need not be pleaded. Surely a rule so essential for the enlightenment of the court and the defendant imposes no unreasonable burden upon the plaintiff. Indeed, it is hard to conceive how any intelligent system of pleading could require less.

It is well known to the profession, that the practice under the liberal doctrine of some of the earlier cases had become so lax that in many instances declarations contained mere legal inferences upon the essential element of negligence, based upon no fact, and defendants were relegated wholly to the field of speculation as to the real grounds of their supposed liability.

The decision in *Hortenstein* v. *Va.-Car. Ry. Co.*, 102 Va. 914, 47 S. E. 996, was intended to correct the mischief which flowed from that practice.

In that case it is said by Judge Cardwell: "The court, upon mature consideration, has reached the conclusion that, in actions for a tort, the declaration must state sufficient facts to enable the court to say upon demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover."

See also *Blackwood Coal & Coke Co.* v. *James' Admr.*, 107 Va. 656, 60 S. E. 90, 1 Va. App. 732; and *Virginia Cedar Works* v. *Dalea, ante,* p. 333, 64 S. E. 41.

For the error of the court in overruling the demurrer to the declaration, the judgment must be reversed, the verdict of the jury set aside, and the case remanded to the circuit court, with leave to the plaintiff, if so advised, to amend his declaration, and for further proceedings.

*Reversed.*