### BALTIMORE & O. R. CO. v. WHITE.

(Circuit Court of Appeals, Fourth Circuit. February 28, 1910.)

#### No. 938.

CARRIERS (§ 320*)—INJURIES TO PASSENGERS—NEGLIGENCE PER SE.

Plaintiff, a passenger, was injured by the derailment of the train, and in an action for the injuries sustained alleged that defendant was negligent in the formation of the train, in its operation in a negligent manner, and in that the roadway was defective. There was evidence that the derailment might have been caused by a broken rail, and it was admitted that the train at the time was being operated with a locomotive in the rear, a passenger coach, and two tank cars in front. There was also testimony that it was necessary to move the train as constructed at the time of the derailment, to reach a siding on which it was to be rearranged, and that the other tracks were so congested that the use of the siding was the only feasible way to accomplish the purpose, and that the train was then being moved cautiously and only four miles an hour. It also appeared that these changes might have been made before permitting passengers to board the train, but were not. *Held*, that an instruction that the operation of a train so arranged for the carriage of passengers

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was negligence per se was erroneous, though the jury was also charged that, in order to warrant a recovery on such ground, the jury must be satisfied that such negligence was the proximate cause of plaintiff's injury, whether the operation of a train so arranged under such circumstances was negligent being for the jury.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 320.*]

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Philippi.

Action by Elizabeth White against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

Fred. O. Blue and Arthur S. Dayton, for plaintiff in error.

W. Taylor George and A. G. Jenkins (J. C. Jenkins, on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. Elizabeth White, the defendant in error, whom for convenience we will hereafter refer to as the plaintiff, brought this action against the Baltimore & Ohio Railroad Company, the plaintiff in error, which will be referred to further as the defendant, to recover damages for personal injury alleged to have been caused by the negligence of the said company whilst plaintiff was a passenger on its railroad.

The defendant operates in connection with its railway system what is known as the "Berryburg Branch," and which extends from Hacker's Junction, in Barbour county, W. Va., to Berryburg, about four miles distant, in the same county. On the 5th of December, 1908, the plaintiff purchased a ticket from defendant's agent at Philippi to the B. & O. Scale House on the Berryburg Branch. She traveled on the ticket on defendant's road a short distance from Philippi to Hacker's Junction, where it was necessary for her to change cars and take the train on the Berryburg Branch in order to reach her destination. The train from Philippi reached Hacker's Junction about 4 o'clock in the afternoon. The connecting train which plaintiff was to take to go to the B. & O. Scale House was standing at Hacker's, on the track of the Berryburg Branch, having come in from Berryburg about 40 minutes before. The Berryburg train was composed of a locomotive, a passenger car, and two tank cars, and was formed with the two tank cars in front, the passenger car next, and the locomotive, with its front towards the passenger car, behind.

The plaintiff went aboard the passenger car, and soon thereafter the train moved, the locomotive in the rear pushing the train with the cars in the order stated, and when it had gone across the bridge on the way to the siding, and whilst on a curve, the two tank cars and the passenger car were thrown from the track, and in the derailment plaintiff alleges she was injured. Immediately after the accident, and at the point of derailment, a rail was discovered to be broken. It was in testimony in behalf of the defendant, and so far as the rec-

ord shows was uncontradicted, that at the time of the wreck, in which plaintiff's alleged injury occurred, the train was moving under orders to Boylen's Siding, which is estimated to be some 2,200 feet from the Junction, and the purpose was to use the siding in order to shift the passenger coach to the rear of the locomotive, and run the train thence to Berryburg with the two tank cars in front, the locomotive next, and the passenger coach in the rear. The witnesses for the defendant testified, further, that it was necessary to operate the train from the Junction across the bridge to the siding in order to make the change, because, as they stated, the main line was filled with freight cars and could not be used to make the desired change in the formation of the train.

The case was tried at the Circuit Court of the United States for the Northern District of West Virginia, at Philippi, in June, 1909, and resulted in a verdict by the jury in favor of the plaintiff for the sum of $3,500, for which judgment was entered. The case is here for review upon exceptions taken at the trial, several in number; but we do not regard it as necessary to consider but one of these exceptions in order to dispose of the case. The court in its charge to the jury, among other instructions, gave the following:

"The first thing for you to determine, when you take up this case, is whether or not this defendant has been negligent as shown by the evidence in this cause, and, second, whether or not that negligence was the direct and proximate cause of the plaintiff's injuries. Negligence may be shown on the part of the defendant, and yet the circumstances may be such in a given case that that negligence was not the direct cause of the injury. What I mean by direct and proximate cause can be illustrated in this case. To my mind it was negligence, and as a matter of law I charge you it was negligence, for the railroad company, under the circumstances detailed in this case, to run this train with those two tank cars in front, the passenger coach next, and the engine in the rear; but, while that was negligence, you must believe from the testimony that that negligence was the direct cause of the accident before on that account you can find for the plaintiff against the defendant. If, for instance, this accident was caused alone when this train was moving over this track by the breaking of that rail, and would have been caused in your judgment, as disclosed by the testimony, regardless of the position of those cars and this engine, and of how the train was made up, then the negligence in running it in that manner would not be the proximate cause of the injury, but the broken rail would be; but you must believe, gentlemen, from all of the evidence that this rail was broken, not by the character of the train that run over it, but that it was purely an accident that could not be foreseen and guarded against. But, as the court has instructed you, in the management of passenger trains, and in the running of them, and in the keeping in order and repair their track, the company is held to the highest degree of diligence and care; and all those things must enter into and govern you in determining whether or not, first, the company was negligent, and, second, whether or not that negligence was the direct and proximate cause of this plaintiff's injury."

Defendant's counsel duly excepted to this instruction, more particularly to the following language of the court contained therein:

"To my mind it was negligence, and as a matter of law I charge you it was negligence, for the railroad company, under the circumstances detailed in this case, to run this train with those two tank cars in front, the passenger coach next, and the engine in the rear."

We think there was error in this respect. There were three specific acts of negligence alleged in plaintiff's declaration as causing the

injury, to wit, the improper formation of the train, that the train was operated in a careless and negligent manner, and that the roadway was defective. Either one of these might have been the cause of the derailment of the car in which plaintiff was riding, and the consequent injury to her; or the combination of the three, or of two of them, if they were shown to exist, may have been the cause, or any one of them alone might have brought about the result.

There was testimony introduced by the plaintiff in support of her several allegations, and defendant offered testimony contra. It was admitted that the train on which the plaintiff was a passenger at the time of the injury was being operated with a locomotive in the rear, the car in which she was riding next, and the two tank cars in front; but these were not the sole facts involved, for, as before stated, there was testimony on the part of the defendant tending to show that it was necessary to move the train as constructed in order to reach the siding, upon which it was to be rearranged, and, further, that the other tracks were so congested that the use of the siding was at the time the only feasible way to accomplish this purpose, and, still further, that the train was being moved at the time cautiously, at not exceeding four miles an hour. The plaintiff's reply to this was that there had been ample time before she went aboard to have changed the formation of the train, either by the main line or by the use of the siding, and, even if there had not been such time, the change should have been made before the passengers were permitted to go aboard, and there was testimony tending to sustain these contentions.

It will therefore be seen that the facts and circumstances attending the action of defendant in operating the train as it was formed, and in the manner in which it was run, were in dispute, and negligence thus became an issue of fact for the jury, and not a question of law for the court. It is true that the court advised the jury further, in the instruction given, that although the running of the train as formed was negligence per se, yet the jury must be satisfied that this negligence was the proximate cause of the injury before plaintiff would be entitled to recover on that ground. We cannot assume that the ordinary jury, unfamiliar, perhaps, with the legal distinctions affecting proximate and remote cause, would fully comprehend the relation of this instruction to the whole case, especially in view of the fact that there were other allegations of negligence, upon one of which, at least, there had been introduced testimony on the part of the plaintiff sufficient to go to the jury tending to prove that defendant was negligent. And we can readily see in this situation how the minds of the jury would, without stopping to consider the question of proximate cause, come to the conclusion that, as the court had declared defendant to be negligent in one respect, the plaintiff was entitled to a verdict in any event.

However, we do not wish to be understood as holding that to form and operate a railroad train with the locomotive in the rear, the passenger car with passengers aboard next, and two tank cars in front, would not under some conditions be negligence per se, or that it would be error to so instruct the jury; nor do we lose sight of the well-

settled principle that where the facts are admitted or clearly proven
—that is, where there is no controversy as to the facts, and the rea-
sonable and legal inferences to be drawn therefrom—alleged negli-
gence based on such facts is for the court, and not for the jury. But
in the case here the testimony was such that whether or not there
was negligence in running the train as formed under the circum-
stances, in our opinion, became an issue of fact for the jury, and was
not a question of law for the court; for it has also become a recog-
nized principle in the administration of the law of negligence that,
where the facts and circumstances accompanying and surrounding an
alleged negligent act are such that reasonable men may fairly differ
as to whether there was negligence or not, the issue is for the jury
and should be so submitted. Railroad Company v. Ives, 144 U. S.
408, 12 Sup. Ct. 679, 36 L. Ed. 485, clearly lays down the law upon
the last-mentioned principle, and is a leading authority on that sub-
ject.

We deem it unnecessary, as stated before, to consider other ex-
ceptions and assignments of error in the record, as we conclude that
for the error which we have discussed the judgment of the Circuit
Court should be reversed. The case is therefore remanded, to the end
that the judgment of the court below may be set aside and a new
trial had.

Reversed.