NORFOLK & PORTSMOUTH TRACTION CO. v. REPHAN.

(Circuit Court of Appeals, Fourth Circuit. May 2, 1911.)

No. 990.

1. COURTS (§ 347*)—FEDERAL COURTS—RULINGS ON PLEADINGS—WHAT LAW GOVERNS.

Under the conformity act, federal courts in determining a demurrer to a declaration in an action at law will be governed by the decisions of the highest court of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*

Conformity of practice in common-law actions to that of state court, see notes to 5 C. C. A. 594, 27 C. C. A. 392.]

2. STREET RAILROADS (§ 110*)—INJURIES TO TRAVELERS—PLEADING—DECLARATION.

Where, in an action for injuries to a pedestrian at a street railway crossing, plaintiff's whole case was based on the alleged negligence of the motorman in operating the car by which she was struck, and her declaration was divided into three counts, the first charging that the injury was the result of the motorman's negligence in operating the car at the point where she was hurt, the second, that it was due to his negligence in failing to keep a proper lookout, and the third, to a negligent failure to warn, the first count was not demurrable under the Virginia practice as indefinite and uncertain for failure to allege in what particular the operation of the car was negligent.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 110.*]

3. TRIAL (§ 330*)—VERDICT—RESPONSIVENESS TO PLEADING.

Where neither of the three counts of a declaration were demurrable, a general verdict for plaintiff was not objectionable as not sustained thereby.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 777–781½; Dec. Dig. § 330.*]

4. PLEADING (§ 53*)—DECLARATION—COUNTS—INSTRUCTIONS.

Where plaintiff's whole demand is founded on a single transaction, and her relative rights and those of the defendant are well established, the issues consisting of negligence and contributory negligence, the entire declaration, though divided into counts under the Virginia practice, may be considered in passing on the question whether one of the counts is

sufficiently definite to inform defendant as to the nature of the cause of action pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 114–117; Dec. Dig. § 53.*]

**5.** TRIAL (§ 169*)—DIRECTION OF VERDICT—DUTY OF COURT.

It is the duty of a trial judge to direct a verdict for defendant in a civil action, when plaintiff's testimony, assuming it to be true, and giving it that weight and effect which necessarily follows or may be reasonably inferred from it, fails to establish a cause of action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 381–389; Dec. Dig. § 169.*]

**6.** STREET RAILROADS (§ 117*)—INJURIES TO PEDESTRIAN—CROSSING ACCIDENT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.

In an action for injuries to plaintiff by being struck by a street car at a street crossing as she was attempting to cross the street in a rainstorm, evidence *held* to require submission to the jury of the questions of negligence and contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

**7.** NEGLIGENCE (§ 136*)—QUESTION OF LAW OR FACT.

Negligence only becomes a question of law to be determined by the court when the facts are such that fair-minded men can only draw from them the inference that there was no negligence, and if such might honestly differ on the question it must be submitted to a jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

**8.** TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE—REFUSAL.

Where the court's charge covered the entire case, and was all that was necessary to give the jury an intelligent understanding of the law applicable to the facts they might find from the testimony, it was not error to refuse requests to charge.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 260.*]

In Error to the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

Action by Mamie Rephan by Harry Rephan, her next friend, against the Norfolk & Portsmouth Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Venable and Henry W. Anderson (J. R. Tucker, on the brief) for plaintiff in error.

S. M. Brandt, for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and ROSE, District Judges.

BOYD, District Judge. The defendant in error, Mamie Rephan, who for convenience will hereafter be called the plaintiff, is a citizen and resident of the city of Charleston, S. C., and is under 21 years of age. The plaintiff in error here, which was the defendant below, and will hereafter be called the defendant, is a corporation under the laws of the state of Virginia, and owns and operates a street railway in the city of Norfolk, and a part of its line is along Granby street, which in its course intersects with another street called College place. On the 14th of November, 1908, between 7 and 8 o'clock in the evening,

during a rainstorm, the plaintiff undertook to cross Granby street at College place, when she was run over by a car operated upon the line of the defendant, and so injured that it resulted in the amputation of her left leg above the knee. She brought this suit by her next friend, Harry Rephan, against the defendant to recover damages, alleging that the injury to her was caused by the servant of the defendant in the negligent operation of the car. The case was tried in the circuit court at Norfolk, the jury returning a verdict for $15,000 in favor of the plaintiff, which, by consent of her counsel, was reduced to $10,-000 by the presiding judge, and judgment for that amount rendered against the defendant. The case is here by writ of error sued out by the defendant, and is presented to us upon three propositions: First, exception to the action of the court in overruling a demurrer to the declaration; second, for error assigned on the refusal of the court to direct a verdict for the defendant; and, third, assignments of error for instructions requested by defendant and refused by the court, and exceptions to and error assigned upon instructions as given by the court to the jury.

[2] With this general statement of the case, we will proceed to consider the several points which arise, and will in the course of our discussion revert to such facts in the record as may be necessary to elucidate the questions presented. The first question to be passed upon is the demurrer. The declaration consists of three several counts. In order to dispose of the legal propositions raised by the demurrer we do not deem it necessary to reproduce the entire declaration, but only the substantial parts of the first count, in which, after alleging that the plaintiff is an infant under the age of 21 years, and a citizen and resident of the city of Charleston, S. C., and that she sues by her next friend, Harry Rephan, and that the defendant is a corporation under the laws of the state of Virginia, operating an electric street railway in the city of Norfolk, in said last-named state, the declaration goes on to allege:

"That on the 14th of November, 1908, the defendant, by and through its then servant and agent, was operating, running, and propelling one of its said cars upon, along, and over its said track, which was then laid upon Granby street as aforesaid, from a point at or near the intersection of a certain other street in the city of Norfolk, to wit, College place, en route to the intersection of Main and Granby streets, in the city of Norfolk, Va., and which said car was then operated, run, and propelled, by and through the said servant and agent of the said defendant, upon and along said Granby street; that on the day and year aforesaid the said plaintiff was walking along, upon, and across said Granby street, from the east side thereof to the west side thereof, as was her right; and thereupon it became, and was the duty of said defendant, by and through its then servant and agent, who was then running and operating said car, by means of electricity, to use due and reasonable care to prevent injury to persons using said Granby street, and particularly to use due and reasonable care to prevent running down and against the said plaintiff; and to so run, operate, govern, and control its said car, which was then being run and operated by and through its then servant as aforesaid to prevent injury to persons using said Granby street, and particularly to prevent running upon, against, and down the plaintiff. Yet the said defendant, wholly disregarding its duty in this behalf, when it, the said defendant, by its then servant and agent, who was in charge of and operating said car, knew or by the use of reasonable care, could have known, that danger of collision with the said plaintiff was imminent, so negligently, care-

lessly, and improperly ran and operated its said car; that by reason of the negligence, carelessness, and improper conduct of the said defendant in the running, management, operation, government, and control of said car, by and through its then servant and agent, the motorman of said car, when it, the said defendant, knew, or by the use of reasonable care could have known that danger of collision with persons at, upon or near its tracks, and particularly collision with the plaintiff was probable, ran down, upon and against the said plaintiff and the said plaintiff was knocked down, run down and was dragged, wounded, lacerated and maimed, and so greatly injured and wounded, that by reason whereof, it became necessary to amputate the left leg of the said plaintiff above the knee, and that by reason of the negligence, carelessness, and improper conduct of the said defendant, the said plaintiff was so greatly injured and wounded, that she was confined to her bed for a long period, to wit, ten weeks, and was, and is, maimed, disfigured, and disabled for, and during the term of her natural life, and suffered great physical pain and mental anguish, and doth still suffer great physical pain and mental anguish, and always will suffer great physical pain and mental anguish, and hath been obliged to pay and expend great sums of money, in and about the endeavor to get healed and cured of her injuries as aforesaid, to wit, one thousand dollars, and will be compelled to pay and expend further sums of money, in and about the endeavor to get healed and cured of her injuries as aforesaid, by reason of the negligence, carelessness and improper conduct of the said defendant, by and through its then servant and agent to the damage of the said plaintiff thirty thousand dollars. And therefore she brings her suit," etc.

The second count is in substantially the same language except it charges specifically that the negligence consisted in the failure of the motorman to keep the proper lookout at, upon, or near the tracks of the defendant, and the third count charges the negligence to consist in the failure of the motorman to give warning as he approached this crossing with the car that he was operating. The defendant's counsel has not argued the demurrer at length, either orally or in the brief, but relies upon some decisions of the Virginia Court of Appeals to sustain the view that the declaration is insufficient. The sole objection to the declaration as a whole is set out in the demurrer as follows:

"This declaration, and each count thereof, discloses on its face such contributory negligence on the part of the plaintiff as would bar her recovery."

The counsel, however, have not seen proper to discuss this general objection, but have confined the argument, both oral and in the brief, to the demurrer to the first count, which is as follows:

"The first count of the said declaration is so vague, uncertain, and indefinite, in that it does not set out what the alleged negligence of the defendant consisted of, and the defendant cannot properly concert its defense thereof."

[1] We concede the proposition that the practice, pleading, forms, and mode of proceeding in civil causes other than equity and admiralty causes in the federal Circuit and District Courts are required to conform as near as may be to the practice, pleading, forms, and modes of proceeding existing at the time in like causes in courts of record of the state in which such Circuit and District Courts are held. This is the law enacted by Congress, and it is incumbent upon the federal courts to comply with its requirements as near as possible. Therefore, we think that we should have regard for the decisions of the Court of Appeals of the state of Virginia relative to the sufficiency of

the declaration in passing upon the question here involved upon this demurrer, but we do not think the first count of the declaration, considered in connection with the circumstances of this case, is bad for want of sufficient particularity. Plaintiff's whole case is founded upon the alleged negligence of the motorman in operating the car which he had in charge. The leading Virginia case, which is cited by both parties in the argument, is that of Hortenstein v. Virginia-Carolina Railway Company, 102 Va. 914, 47 S. E. 996. In that case the Virginia Court of Appeals says, speaking of the requirements in the declaration, that the declaration should be sufficiently specific to inform the adverse party of the ground of the complaint; that the plaintiff is presumed to have knowledge of the facts upon which his action is founded, and if he is in doubt as to the precise nature of the evidence, he may frame his declaration with different counts, varying his statements to meet every possible phase of the testimony. It seems to us that this is precisely what the plaintiff did in this case, basing her cause as we have said solely upon the alleged negligence of the motorman. She has divided her declaration into three several counts; the first charges the injury to her as the result of the negligence of the motorman in operating the car at the point where she was hurt, the second count is his alleged negligence in the failure to keep a proper lookout so as to guard against collision with her, and in the third count is the negligent failure to give a warning of his approach to the place of the collision in order that she might be on the lookout. The Virginia Court of Appeals has said in the case of Chesapeake & Ohio Railway Company v. Hunter, 109 Va. 343, 64 S. E. 45, that:

"This court has not laid down, nor does it propose to establish, any unreasonable rules with regard to particularity of averment in declarations in personal injury cases. All that the rule requires is that the declaration shall contain a concise statement of the material facts on which a recovery is demanded. Of course, the evidence relied on to sustain the averments of the declaration need not be pleaded."

In the argument, however, defendant lays stress on the fact that the verdict was a general one, and it being insisted that the first count is bad, therefore, the judgment of the Circuit Court should be reversed; and in support of this view the Hunter Case, supra, is cited again and our attention is directed to the following quotation therefrom: .

"The verdict of the jury being general, the court cannot say whether it rests upon the case stated in the first count of the declaration or upon that alleged in the second and third counts, which are bad. In this situation, the judgment complained of must be reversed, for the error of the court in not sustaining the demurrer to the second and third counts of the declaration," etc.

[3] We do not think that this rule applies in the case in hand, for in our opinion the first count is not bad because the injury to plaintiff is charged to have occurred at a crossing, and the negligence is alleged to be that of the motorman who was operating the car, and who had the entire control of the operation of the car, at least, whilst it was moving. The plaintiff was attempting to cross the track of the defendant at a point where she had the right to cross, and at a point

where certain well-defined duties are prescribed by the law as de-
volving both upon the person attempting to cross the track, and upon
the servant of the railway company operating cars along its line. So
then, this declaration, in our opinion, meets fully the requirements laid
down by the Virginia Court of Appeals in the case of Hortenstein v.
Virginia-Carolina Railway Company, supra, wherein the court said:

"The declaration, and each count thereof, shows the relation between the
plaintiff and the defendant, the duty of defendant to plaintiff, the failure of
defendant to discharge that duty, and the resulting injury to the plaintiff.
The declaration clearly informs the defendant of the nature of the demand
against it, and states such facts as would enable the court to say, if the
facts were proven, as alleged, that they established a good cause of action.
Under such circumstances, the cause of action is stated with sufficient par-
ticularity."

[4] Measured by this rule we see no error in the refusal of the
trial court to sustain a demurrer to the first count of this declaration,
and we go further to say that whilst under the Virginia practice it
seems that the several counts separately stated in the declaration are
treated as distinct causes of action, yet in a case like this where the
whole demand is founded upon a single transaction where the injury
complained of occurred at a place which is particularly described in
the declaration, and where the relative rights of the plaintiff, and of
the defendant, are well established, and where, in the trial upon the
pleadings the plaintiff was depending upon the alleged negligence of
the defendant as her ground of recovery, and defendant was relying
upon the alleged contributory negligence on the part of the plaintiff
to defeat her recovery, the entire declaration may be considered in
passing upon the question as to whether or not the defendant is suf-
ficiently informed as to the nature of the cause of action to enable it
to intelligently defend. We, therefore, dismiss this part of the case
without further discussion with the conclusion that there was no er-
ror in the action of the court upon the demurrer.

[5, 6] The next question presented is that raised by the defendant's
assignment of error based upon exception to the action of the trial
court in refusing to direct a verdict for the defendant, first at the
close of plaintiff's testimony, and then at the close of all the testimony.
The law is well settled that it is not only the province, but the duty,
of a trial judge to direct a verdict for a defendant in a civil action
when conditions are such as to warrant this course, but this authority
is confined to cases in which the testimony offered by the plaintiff,
assuming it to be true, and giving it that weight and effect which nec-
essarily follows or may be reasonably inferred from it, fails to make
out a case. Such, in our opinion, is not the situation here. The plain-
tiff alleges that she was crossing a public street in the city of Norfolk
at a place where she had a right to cross, and that she was taking due
precautions for her safety; that it was in the nighttime and during
a rainstorm, and that the defendant negligently, through its agent, so
operated a car along the street she was crossing as to run upon her
and cause her injury, and she charges specifically that the negligence
consisted in the failure of the motorman to keep a proper lookout at
that point for persons crossing the street, and also his failure to give

warning of the approach of the car so as to put such persons on guard, and her testimony, as well as that of other witnesses, tended to support these allegations. On the other hand, the defendant contends that the car was operated properly; that the crossing was approached cautiously; that the motorman was on the lookout, and that he gave the usual and necessary warning; that the injury to plaintiff was due to the fact that she attempted to cross the street in a rainstorm without taking any precautions to avoid the danger of approaching cars, and that with an umbrella drawn down closely over her head obscuring her vision she heedlessly ran against the car as it was passing along, and the defendant introduced some testimony to sustain these contentions. So the issue of fact is distinctly drawn as to whether the defendant was guilty of negligence which caused the injury, and as to whether the plaintiff was guilty of contributory negligence on the occasion. If it was shown that both the plaintiff and the defendant omitted to take due care, or to exercise that precaution which devolved upon them, or either of them at the time of the occurrence, and the injury resulted, it then became a question for the jury on the testimony to determine whose negligence was the immediate or proximate cause of the injury.

It is evident that this serious injury to the plaintiff was the result of the want of due care on her part, or on the part of the defendant, and we think that the testimony relating to this question pro and con is such that reasonable men may fairly differ as to what was the proximate cause of the injury. This court, in the case of Baltimore & Ohio Railroad Company v. White, 176 Fed. 900, 100 C. C. A. 370, reiterated the established doctrine with reference to the directing of verdicts when it said:

"For it has also become a recognized principle in the administration of the law of negligence that where the facts and circumstances accompanying and surrounding an alleged negligent act are such that reasonable men may fairly differ as to whether there was negligence or not, the issue is for the jury, and it should be so submitted."

Railroad Company v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, clearly lays down the law upon the last-mentioned principle, and is a leading authority on that subject. We call attention also to the case of McDermott v. Severe, 202 U. S. 600, 26 Sup. Ct. 709, 50 L. Ed. 1162, in which Mr. Justice Day, in delivering the opinion, says:

[7] "Negligence only becomes a question of law to be taken from the jury when the facts are such that fair-minded men can only draw from them the inference that there was no negligence. If fair-minded men, from the facts admitted, or conflicting testimony, may honestly draw different conclusions as to the negligence charged, the question is not one of law, but of fact, and to be settled by the jury under proper instructions. Railroad Company v. Powers, 149 U. S. 43 [13 Sup. Ct. 748, 37 L. Ed. 642]; Railroad Company v. Everett, 153 U. S. 107 [14 Sup. Ct. 474, 38 L. Ed. 373]."

However, we do not deem it necessary to discuss this question further, because it seems to us clearly that the trial judge properly submitted the issue to the jury.

[8] We come now to the last question which arises upon defendant's requests for instructions to the jury, which were refused by the

court, and also to the assignments of error based upon exceptions to the instructions as given by the court. We will not refer severally to the defendant's requests for instructions, which were 17 in number, nor to the exceptions to the particular parts of the charge as given, because upon an examination of the charge we are of the opinion that it covered the entire case, and the principles of law laid down by the learned judge are those which were pertinent to the issue being tried, and are all that were required to give the jury an intelligent understanding of the law which should be applied to the facts which they might find from the testimony. We have heretofore in discussing this case given an outline of the contentions of the parties, and the character of testimony relied upon by each, and these, with the general statement of facts, disclose the nature of the case and lead to an understanding of the issue which was being tried. The instructions of the court to the jury were as follows:

"This is a suit for damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendant company, while crossing one of the tracks of the said defendant, on Granby street, in the city of Norfolk, and near the intersection of Granby street and City Hall Avenue. The plaintiff is not entitled to recover merely because of having sustained the injury complained of, but you must be satisfied from a preponderance of the evidence, to enable her to recover, that she sustained the injury sued for because of the negligence of the defendant company, or its agents and employés, without negligence on her part proximately contributing to the accident.

"Second Paragraph. That the injury having occurred to the plaintiff while passing along a street of the city, upon and over the tracks of the defendant company, also lawfully upon said street, that you must take into account in determining the question of negligence on the occasion in question the relative duties and obligations due by the parties one to the other, in the exercise of their right to use the said street; which the court charges you is as follows: That they each had an equal right to the use of said street, the obligation and duty imposed upon them one to the other being correlative in that they should each have proper regard to the rights of the other, and each should use reasonable care to avoid collision with and injury to the other in passing upon and over said street.

"Third Paragraph. That it was the duty of the plaintiff before attempting to cross the street at the point in question to look out and listen for approaching cars, and to exercise reasonable care in approaching and crossing defendant's tracks, to avoid coming into collision with moving cars while crossing the street. If you believe from the evidence that she failed to perform these obligations, or either of them, on her part, on the occasion in question, and as a consequence sustained the injuries sued for, she cannot recover in this action, unless you further believe from the evidence that the defendant observed the position of peril in which she had placed herself, or by the exercise of proper care might have observed the same, the defendant neglected to exercise reasonable care on its part, in the operation of, or in stopping its car, and as a consequence the injury sued for was sustained by the plaintiff while in the exercise of proper care on her part, then and in that event the plaintiff may recover.

"Fourth Paragraph. That it was the duty of the defendant company in operating its cars, propelled by electricity over and upon the streets of the city, at the time the plaintiff sustained the injury sued for, to exercise reasonable care on its part to avoid collisions with persons lawfully using said street, and passing over said tracks; that is to say, by and through its officers and employés, to exercise reasonable care in the movement of its said car, and in looking out for and observing persons lawfully using said street, and passing upon and over said tracks, and to give due and timely signal and warning of the approach of said cars. And if you believe from the testimony

that the defendant, by and through its servants and employés, failed and neglected to perform its duty in either of the respects mentioned, and as a consequence the plaintiff, in the exercise of proper care on her part as hereinbefore stated, received the injury sued for, then you should find for the plaintiff.

"Fifth Paragraph. The court further charges you that the plaintiff, in attempting to cross the tracks of the defendant company, and the servants of the defendant company in operating its cars at the point of the accident, each had the right to assume that the other would exercise ordinary care; the motorman that the plaintiff would not unduly thrust herself in a position of danger, and the plaintiff that the motorman would properly operate his car so as not to expose her to unusual danger and peril; and if the jury believe from the evidence that the plaintiff was guilty of negligence in the particular mentioned, by negligently thrusting herself in front of, under or against the moving car, at a time when the motorman had the right to assume that she would not do so, and as a consequence sustained the injury sued for, then she cannot recover in this action; and, on the other hand, if you believe from the evidence that while the plaintiff in the exercise of reasonable care on her part, was attempting to cross the tracks of the defendant company, that the servants and employés of said defendant company either at the time of seeing, or when by the exercise of ordinary care they could have seen and observed the movements of the plaintiff, failed to exercise reasonable care in the operation of its said car for her protection, and as a consequence negligently ran over, upon or against her causing her to sustain the injury sued for, then the defendant is liable, and, in that event, you should find for the plaintiff.

"Sixth Paragraph. You are further charged that if the defendant relies upon the plaintiff's contributory negligence to defeat her right of recovery in this case, the burden to establish such contributory negligence is upon the defendant, unless the existence of the same sufficiently appear from the testimony offered by the plaintiff.

"Seventh Paragraph. You are further charged that negligence as meant in this charge, is the failure to do what reasonably prudent persons would ordinarily have done in like circumstances, having due regard to the proper protection of the life and limb of themselves and others.

"Eighth Paragraph. You are further charged that by reasonable care is meant the exercise of that degree of prudence, care, caution, and foresight that ordinarily a prudent person under like circumstances and conditions would exercise for his or their own protection.

"Ninth Paragraph. You are further charged that in determining the question of whether or not the injury complained of was the direct result of the plaintiff's own negligence, or whether it resulted from the direct negligence of the motorman of the defendant in running and operating his car on the occasion in question, you can take into consideration all the facts and circumstances as proved by the evidence to have existed at the time when, and place where, the injury occurred, and give to such facts and circumstances, and to the testimony of each witness, such weight only as you deem such fact or circumstance or testimony entitled to in connection with all the facts of the case; and that this being a civil case, it is incumbent upon the parties respectively, to establish their several contentions by a preponderance of the testimony.

"Tenth Paragraph. You are further charged that if you find the defendant is liable, then you should give the plaintiff such damages as she has proved in this case, not to exceed $30,000; and in estimating such damages you should take into consideration: First. Any permanent injury to the plaintiff. Second. Any shock to her system. Third. Any pain and anguish suffered by her."

The duty of the trial judge with respect to instructions to the jury is fully discharged when the law as laid down by him covers the entire case, and it is not error under such circumstances to refuse to give specific requests in the language of counsel. Iron Silver Mining

Company v. Cheesman, 116 U. S. 529, 6 Sup. Ct. 481, 29 L. Ed. 712. In this case the court holds that:

"When the court instructs the jury in a manner sufficiently clear and sound as to the rules applicable to the case, it is not bound to give other instructions asked by counsel on the same subject, whether they are correct or not."

We think in the present case that the instructions given met these requirements.

There is no error, and the judgment of the Circuit Court is affirmed. Affirmed.