NORFOLK & A. TERMINAL CO. v. ROTOLO.

(Circuit Court of Appeals, Fourth Circuit.   October 10, 1911.)

No. 1,031.

1. CARRIERS (§ 314*)—ACTION FOR INJURY TO PASSENGER—PLEADING.
    The declaration in an action against a street railroad company to recover damages for injury to a passenger *held* sufficient to state a cause of action under the rule of pleading in Virginia that the declaration in such cases must contain a statement of the material facts sufficiently specific to advise the defendant of what it is called upon to defend.
    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 314.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CARRIERS (§§ 320, 347*)—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.

In an action against a street railroad company for injury to a passenger, the questions of negligence and contributory negligence *held* properly submitted to the jury on conflicting evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118–1325, 1346–1397; Dec. Dig. §§ 320, 347.*]

3. CARRIERS (§ 340*)—ACTION FOR INJURY TO PASSENGER—NEGLIGENCE OF PASSENGER—DOCTRINE OF LAST CLEAR CHANCE.

One intending to become a passenger on an electric street car, who attempts to board the car while in motion, and when the gates are closed, is chargeable with negligence as matter of law, which will bar recovery from the company for an injury received by striking or being struck by another car while so outside the gates, unless, after his peril was apparent, defendant negligently failed to protect him when it was within its power by the exercise of reasonable care to do so.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1354; Dec. Dig. § 340.*]

In Error to the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

Action at law by Frank Rotolo against the Norfolk & Atlantic Terminal Company. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 179 Fed. 639, 103 C. C. A. 197.

The plaintiff in error, defendant below, hereafter called the defendant, is a Virginia corporation, and operates a line of electric street railway in the city of Norfolk, Va., and had a portion of its tracks laid in City Hall avenue and Monticello avenue in said city.

Frank Rotolo, the defendant in error, who was the plaintiff below, hereafter called the plaintiff, is a subject of the king of Italy, and was temporarily residing in Norfolk at the time of the injury, which was the cause of this action.

The tracks of the defendant's railway run parallel along Monticello avenue in the city of Norfolk north and south, and at a point about opposite the Monticello Hotel corner, where City Hall avenue intersects with Monticello avenue, and about midway between that corner on the west, and market corner on the east the tracks diverge, the one curving sharply to the right, or southwest, and the other curving sharply to the left, or southeast. The plaintiff, as before stated, was temporarily residing in Norfolk, and was employed as a workman at the Jamestown Exposition. On the 1st day of April, 1907, between 6 and 7 o'clock in the morning, the plaintiff, intending to go to the Exposition grounds, attempted to board one of defendant's cars which had come in from Pine Beach, and was bound south, and was due to turn the curve in the railway, above described, to the southwest, and whilst attempting to board the said car, and when on the steps of the rear platform on the side next to the other track, he was struck by another car either standing on the curve which turned to the southeast, or moving along around said curve toward the north, and so injured that his left leg had to be amputated. Plaintiff brought this action against defendant in the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk, to recover damages for the injury on the ground that it was the result of defendant's negligence, and in the trial was awarded $4,600, for which amount judgment was rendered in his favor against the defendant. The case is here by writ of error sued out by the defendant.

W. H. Venable and Eppa Hunton, Jr. (Henry W. Anderson, on the brief), for plaintiff in error.

J. L. Jeffries (Jeffries, Wolcott, Wolcott & Lankford, on the brief), for defendant in error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before GOFF, Circuit Judge, and BOYD and KELLER, District Judges.

BOYD, District Judge (after stating the facts as above). There are several exceptions and assignments of error thereon, but, in order to dispose of the case, we do not deem it necessary to consider but three of them. The first is error assigned on the action of the trial judge in overruling the demurrer filed by the defendant to the first count of the declaration. That count, after formal parts, reads as follows:

"That, before and at the time of the committing of the grievances hereinafter mentioned, the said defendant was the owner or proprietor, and was operating, an electric street railway over its lines in the city of Norfolk, Va., upon and along the streets of the said city of Norfolk, as well as from the said city of Norfolk to a certain point in the county of Norfolk, known as Pine Beach, and at the same time was running and operating street cars by means of electricity under the control and management of certain servants of the said defendant called motormen and conductors for the purpose of carrying in said cars passengers for hire for the mutual gain and advantage to itself, the defendant, and the public wishing to travel and be carried thereon for hire, and was a common carrier of passengers for hire and reward to the said defendant in that behalf. And the said defendant being such owner and proprietor of said cars and such common carrier of passengers, to wit, on the 1st day of April, 1907, at and near the intersection of City Hall and Monticello avenues, in the city of Norfolk, Va., the said plaintiff, at the special instance and request of the said defendant, was entering for the purpose of becoming a passenger, and then and there became a passenger on one of the said electric cars so operated by the defendant, to be safely carried by it from the city of Norfolk to a certain point in the county of Norfolk for a certain fare and reward to the said defendant in that behalf, and had gotten upon its step and platform for the purpose of entering said car as a passenger thereon as aforesaid, and thereupon it became and was the duty of the said defendant to use due and proper care that the said plaintiff should be safely carried by said car on said journey, yet the defendant, not regarding its said duty in that behalf, but wholly failing therein, did not use due and proper care that the said plaintiff should be safely carried by said car on said journey, but wholly neglected so to do, and so negligently, carelessly, and recklessly conducted itself that, by and through its said servants, grossly, negligently, and recklessly ran another one of its said cars upon and against the said plaintiff whilst he was upon said step and platform as aforesaid, with great force and violence, by means whereof, and of the said carelessness, negligence, and recklessness of, the said defendant that said plaintiff was greatly bruised, hurt, and injured upon his hip, legs, and feet, and the same were so cut, bruised, and lacerated that it became and was then and there necessary to amputate one of the legs of the said plaintiff and several of the toes upon the other foot of him, the said plaintiff, whereby he, the said plaintiff, has been permanently maimed and disabled and otherwise greatly bruised, wounded, hurt, and injured, and then and there became and was sick, sore, lame, and disordered, and so continued for a long space of time, to wit, hitherto, during all which time, he, the said plaintiff, suffered great pain and anguish of body and mind, and will hereafter suffer great pain and anguish of body and mind, and was, and will hereafter be, prevented from transacting and attending to his lawful and necessary affairs and business, and lost and was deprived, and will hereafter be deprived, of divers great gains, profits, and advantages which he might and otherwise would have made and acquired, and was obliged to pay and expend, and did necessarily pay and expend divers large sums of money, amounting in the whole to a large sum, to wit, two hundred dollars ($200), in and about the endeavoring to be cured of said bruises, hurts, and injuries so received as aforesaid," etc.

Damages laid at $20,000.00.

[1] The defendant, by its demurrer, raised the question of the sufficiency of this count; the position being that under the Virginia practice a cause of action is not alleged. As will be seen, it is alleged, in substance, that plaintiff was attempting to board a car of defendant at the point named to be transported as a passenger for hire to a certain other point on its line; that the way had been opened by the servants of defendant for plaintiff to enter the car; and that he had been invited to enter, and when in the act of boarding the car whilst on the steps of the rear platform of the same about to enter it as a passenger the defendant negligently ran another car against him, and so injured him as to cause the amputation of his leg. We see no error in overruling the demurrer to this count, because we think it is sufficiently explicit to inform the defendant of the nature of plaintiff's cause of action, and to put the defendant fully upon notice of what it was called upon to defend. In the case of Chesapeake & Ohio Railway Company v. Hunter, 109 Va. 344, 64 S. E. 45, the Virginia Court of Appeals says:

"This court has not laid down, nor does it propose to establish, any unreasonable rules with regard to particularity of averment in declarations in personal injury cases. All that the rules require is that the declaration shall contain a concise statement of the material facts on which a recovery is demanded. Of course, the evidence relied on to sustain the averments of the declaration need not be pleaded."

In the case of Norfolk & Portsmouth Traction Company v. Mamie Rephan (C. C. A.) 188 Fed. 276, in which the opinion was handed down at this term, this court discusses the sufficiency of declarations in actions of trespass on the case for damages resulting from negligence under the requirements of the Virginia practice. We think the authorities cited in that case apply with equal force here.

[2] The next point of error assigned is the refusal of the trial court to direct a verdict for the defendant upon the testimony of plaintiff, and also upon all the testimony. The plaintiff introduced testimony tending to show that the car upon which he was injured came from Pine Beach and stopped at a point about 10 feet from the curve, and while standing there numbers of persons boarded the car from both sides by the rear entrance; that the gate to the rear platform on the side next to the parallel track was open, and that others besides the plaintiff went aboard; that the plaintiff was hindered in entering the car by the people who had preceded him, and that he had just gone upon the step of the platform when the car upon the other track moving north ran against him and injured him. On the other hand, some of defendant's witnesses testified that the car which plaintiff attempted to enter did not stop, but was proceeding on its way; that the gate to the platform on the side where he undertook to enter was closed; and that whilst the car was moving, and when the attention of the conductor was not attracted, plaintiff stepped upon the lower step of the platform just as the rear part of the car turned the curve, and it was at this point that the front of the car standing on the other track struck him and hurt him. The testimony of the witnesses for the plaintiff, and that of the witnesses for the defendant, was in many

material points absolutely irreconcilable, but upon the whole testimony as set out in the record we think that reasonable men might fairly differ as to whether the plaintiff was guilty of negligence which caused the injury, or that it resulted from the negligence of the defendant, or, if the jury found that both were negligent, then it was an issue of fact whether the negligence of defendant was the proximate cause of the injury. It therefore became ·the province of the jury to determine what the facts were, and it was·not error in the learned trial judge to refuse defendant's request to instruct a verdict.

[3] This brings us to consider the third assignment of error, which is to the fourth instruction to the jury. This instruction is in the following language:

"The court instructs the jury that if they believe from the evidence that at the hour of the day at which the plaintiff was injured the point on Monticello avenue near the corner of City Hall avenue just before entering the curve into City Hall avenue was the usual stopping place for the defendant's cars coming in from Pine Beach, and that passengers usually got off and on the cars at that place, and that it was usual for them to board the cars from both sides, the gates being left open for that purpose, and that the plaintiff at the time he sustained the injury attempted to board the car at said point, reasonably believing that it was about to stop, and that it would stop at once, the same being at that time slowed down and slowly moving, and found that the gate at that time was shut, then his conduct was not negligent as a matter·of law, and he is not necessarily disentitled· to recover because of boarding the car while it was in motion and with the gates shut, but it is a question for the jury to say whether or not under all the circumstances by which he was surrounded a reasonably prudent man would have stepped upon the car, and whether or not the proximate cause of the injury he sustained was because of his negligence in thus getting upon the car, or that of the defendant in negligently running another car upon or against him, or stopping the same too close to the car he was attempting to board while he was thus attempting to board the same."

The conditions assumed by the court in this instruction were substantially that if the corner of the street just before entering the curve into City Hall avenue was the usual stopping place for defendant's cars coming in from Pine· Beach, and that passengers usually got off and on the cars at that place, and that it was usual for them to board the cars from both sides, the gates being left open for the purpose, *that although the car did not stop on this occasion, and· the gate to the platform was closed, yet, if plaintiff attempted to board the car whilst it was moving and when the gate was shut, that such action on his part was not negligence as a· matter of law. nor would it necessarily disentitle him to recover;* and then submitted it to the jury to determine whether under such conditions a reasonably prudent man would have stepped upon the car. We disagree with the trial judge in this proposition, for in our opinion one who is intending to become a passenger upon a railroad car, and who attempts to board the car whilst in motion, and when the gate to the car is closed so that he cannot proceed further than to get on the steps, is guilty of negligence per se. The fact that the car is moving and the gate to the platform closed we think is sufficient to admonish persons to refrain from attempting to go aboard, and one who undertakes to board a car under such circumstances is imprudent to the extent that the law says he is

negligent. If it be true that defendant's cars were accustomed to stop at this point, and that plaintiff had reason to expect that this car would stop, the proposition we have stated would not be modified.

The defendant introduced testimony tending to prove the fact that plaintiff came across the parallel track a short distance from the front of the car standing on the other track, and mounted the lower step to the platform of the car from Pine Beach whilst it was moving and the gate to the platform shut, and, as we have stated, if these facts were found to be true, then plaintiff was guilty of negligence in law. However, as the court informed the jury, this negligence did not necessarily disentitle plaintiff to recover, for, if there was sufficient evidence before the jury (the laboring oar being upon the plaintiff) upon which to base the principle of the last clear chance, it was the duty of the court to go further and instruct the jury with reference thereto. The plaintiff by the third count in the declaration invokes the principle referred to, and it was due to him, if as suggested above there was sufficient testimony in the case to go to the jury tending to sustain that view, that the judge should go further and instruct the jury that the negligence of the plaintiff would bar recovery unless after his peril was apparent defendant negligently failed to protect him from injury when it was within its power by the exercise of reasonable care to do so. The doctrine of the last clear chance which is firmly implanted in our law is based on the assumption that the plaintiff is guilty of negligence in the outset, but that his negligence did not continue to the time of the injury complained of, or that his previous negligent act is not contributory for the reason that it is supplanted by the subsequent negligence of the defendant which is the proximate cause of the injury.

We think, therefore, that it was defendant's right to have the court instruct the jury as we have indicated, so that, if it were true that plaintiff was negligent in mounting the steps of a moving car under the conditions detailed in the instruction as given, then the minds of the jury without confusion as to this proposition could readily grasp and determine the fact as to whether or not defendant was guilty of negligence which was the proximate cause of the injury.

It is our conclusion without further discussing the points in the case that there was error in this instruction as given, and that for this reason the judgment of the Circuit Court should be reversed, and the case remanded that a new trial thereof may be had.

Reversed.