# Richmond.

## CLARK AND OTHERS V. LANG.

### March 13, 1919.

1. FIRES—*Declaration—Negligence—Particulars—Case at Bar.*—In an action for damages for negligently burning certain buildings and personal property, a count in the declaration alleged that it was the duty of defendants to use all due and proper care to prevent the escape of fire from their plant, but defendants failed, neglected and refused to use due and proper care and so carelessly and negligently conducted themselves that fire escaped from their plant and burned and destroyed plaintiff's buildings and their contents. To this count defendants demurred.

   *Held:* That the declaration did not measure up to the standard required by the former decisions of the Supreme Court of Appeals.

2. FIRES—*Declaration—Negligence—Particulars—Burden of Proving Negligence—Case at Bar.*—In the instant case the right of the plaintiff to recover of the defendants was based upon the negligence of the defendants. This will not be presumed, but must, like any other fact, be established by evidence, direct or circumstantial. The burden was on the plaintiff. If he had the means of proving the negligence he had knowledge of the facts and circumstances necessary to enable him to state in what respect the defendants were negligent, and this should have been done in the declaration. If he did not have such means, he had no right to hale the defendants into court on a mere guess or suspicion.

3. FIRES—*Instructions Must be Based on the Evidence—Liability for Fire.*—In an action for damages for negligently burning certain buildings and personal property, the court instructed the jury, at the request of the defendants, but with the modification shown in italics, that unless they believed from the evidence that the defendants at the time of the fire had some control of the engine which is alleged to have caused the fire complained of in the declaration, *or were interested in the proceeds of the business,* they cannot find against the defendants.

*Held:* That the court erred in making the modification. The evidence, as certified, was very meagre as to the interest of one of the defendants, if any, in the business, a saw mill and its operation, and there was no evidence that the other defendant had any control over the operation of the mill, or was interested in the proceeds of the business.

Error to a judgment of the Circuit Court of Buckingham county, in an action of trespass on the case. Judgment for plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*F. C. Moon* and *A. L. Pitts, Jr.,* for the plaintiff in error.

*Hubard, Gayle & Boatwright,* for the defendants in error.

BURKS, J., delivered the opinion of the court.

Lang recovered a judgment in the Circuit Court of Buckingham county against the Clarks for $2,000 damages, for negligently burning certain buildings and personal property belonging to Lang, and the case is here on a writ of error to that judgment.

The following errors are assigned: (1) Overruling defendants' motion to set aside the verdict as contrary to the evidence; (2) overruling defendants' demurrer to the third count of the declaration; and (3) in giving and refusing instructions.

It is unnecessary to pass upon the first assignment of error as the verdict will have to be set aside for other reasons hereinafter set forth.

[1, 2]    The next assignment of error is to the action of the trial court in overruling the demurrer of the defendants to the third count of the declaration. That count is as follows:

"And for this also, to-wit: that the said plaintiff was on the day and year last aforesaid the owner of a certain farm

69

in the county of Buckingham on which farm there were a number of buildings of great value and that in said buildings were stored much valuable farm machinery, tools, hay, grain, etc., of great value, to wit: of a total value of $3,000; on the said day and year the said defendants, being the owners and operators of a certain saw mill, steam engine and boiler, using wood as fuel, all of which plant was located near the said buildings of the said plaintiff and the said plaintiff avers that the said defendants well knew that his said buildings together with their valuable contents, were so located; and the place where said mill, etc., was located being filled with brush, and trash and other combustible material, it became and was the duty of the defendants to use all due and proper care to prevent the escape of fire from their said plant, but the said defendants, failed, neglected and refused to use due and proper care on their behalf, but so carelessly and negligently conducted themselves that fire escaped from their said plant on the day and year last aforesaid and burned, consumed and totally destroyed plaintiff's said buildings and their contents, to the damage of the plaintiff of $3,000.00."

The right of the plaintiff to recover of the defendants is based upon the negligence of the defendants. This will not be presumed, but must, like any other fact, be established by evidence, direct or circumstantial. The burden was on the plaintiff. If he had the means of proving the negligence, he had knowledge of the facts and circumstances necessary to enable him to state in what respect the defendants were negligent, and this should have been done in the declaration. If he did not have such means, he had no right to hale the defendants into court on a mere guess or suspicion. The declaration does not measure up to the standard required by the former decisions of this court. *Ches. & Ohio Ry. Co. v. Hunter,* 109 Va. 341, 64 S. E. 44, and cases cited.

[3] The next error assigned is to the action of the court in modifying instruction No. 1, tendered by the defend-

ants. The instruction as given, with the modification shown in italics, is as follows:

"The court instructs the jury that unless they believe from the evidence that the defendants, C. H. Clark and M. W. Clark at the time of the fire had some control of the engine which is alleged to have caused the fire complained of in the declaration, *or were interested in the proceeds of the business,* they cannot find against the defendants, C. H. Clark and M. W. Clark."

We are of opinion that the court erred in making the modification. The evidence, as certified, is very meagre as to the interest of C. H. Clark, if any, in the saw-mill and its operation, and there is no evidence that M. W. Clark had any control over the operation of the mill, or was "interested in the proceeds of the business."

The case was tried on the third count of the declaration only. The other counts were stricken out on demurrer, and the ruling of the trial court thereon is not assigned as cross-error.

For the errors aforesaid, the judgment of the trial court must be reversed, the verdict of the jury set aside, and the defendants' demurrer to the third count of the declaration sustained, but with liberty to the plaintiff to amend his declaration if he shall so desire.

*Reversed.*