Syllabus.

# Richmond.

Newport News and Old Point Railway and Electric Co.
v. Nicolopoolos.

January 14, 1909.

1. Pleading—*Declaration in Tort—Sufficiency—Negligence — Street Railways—Rights in Highway.*—In an action to recover damages resulting from a collision between a street car and a traveler driving a vehicle on a public highway, a count in a declaration which alleges excessive speed of the street car as the proximate cause of the injury sufficiently charges the negligence of the owner of the street car; and so likewise does a count which alleges the failure of the motorman to keep a lookout as the proximate cause of the injury. The owner of a street car has no interest in the highway along which it runs, but simply a right to use it in common with the public. Street cars are governed for the most part by the same rules applicable to other vehicles on the public highway, and their owners have only equal rights with the traveling public to its use.

2. Street Railways—*Excessive Speed—Lookout.*—Unless expressly permitted, the speed of a street car ought to be no greater than is reasonable and consistent with the customary use of the highway with safety; and it is the duty of a motorman operating such a car to keep a lookout for persons or vehicles on the highway.

3. Pleading—*Declaration Charging Negligence—Case or Trespass— Street Railways.*—A count in a declaration which simply charges that a street railway company negligently ran its car into the plaintiff's wagon, causing the injury complained of, without saying wherein the negligence consisted, is not a good count, either in case or trespass. In either case the acts of negligence relied on as a basis of recovery must be stated. The declaration must state sufficient facts to enable the court to say, upon a demurrer, whether, if the facts stated be proved, the plaintiff is entitled to recover.

4. Appeal and Error—*Pleading—Demurrer to One Count of Declaration—Improperly Overruling—Effect on Verdict for Plaintiff.*— If a demurrer to one count of a declaration containing several counts be improperly overruled, a verdict for the plaintiff must be set aside, unless the court can see that no prejudice did or could have resulted to the defendant from the error.

5. Demurrer to Evidence—*Joinder—Insertion of Evidence—Stenographer's Report.*—A demurrer to evidence must contain a statement of the evidence, and until it is inserted the opposing party cannot be required to join in the demurrer. It need not be a stenographer's report of the evidence. Indeed the practice of inserting the stenographer's report of the evidence, with all of its irrelevant and immaterial matter, is not to be commended. All that is required of the demurrant is to have the evidence correctly stated in the demurrer. The old practice of inserting simply the substance of the oral testimony material to the issues raised is in most cases and with most witnesses the better one, and should be encouraged.

6. Instructions—*Assuming Facts.*—If an instruction assumes as a fact that which the uncontradicted evidence in the case clearly establishes, this is not prejudicial error.

Error to a judgment of the Circuit Court of Elizabeth City county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*S. Gordon Cumming* and *E. M. Braxton,* for the plaintiff in error.

*E. E. Montague* and *William C. Stuart,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This action was brought to recover damages for personal injuries caused by one of the street cars of the defendant (plaintiff in error) running into the plaintiff's wagon.

There was a verdict and judgment in favor of the plaintiff, and to that judgment this writ of error was awarded.

The first error assigned is to the action of the court in overruling a demurrer to the declaration and each count thereof.

The first and second counts each charges that the defendant was operating its car on its track on a public road or highway, and that the plaintiff was traveling upon the same road in his wagon, when it was run into by the defendant's car. The act of negligence charged in the first count is that the defendant was operating its car at an excessive rate of speed. The negligence set out in the second count is that the motorman on the car failed to keep a proper lookout. Each count charges that the alleged act of negligence was the proximate cause of the plaintiff's injury.

The objections urged to these counts seem to be based upon the assumption that the rights of the defendant in operating its car upon the public road or highway were superior to those of the plaintiff traveling on it in his wagon. There is no foundation for this assumption. The owner of a street car line operated on a public road or highway has no property interest in the highway. He has the mere right to use the highway in common with the public. Street cars are governed for the most part by rules which govern other vehicles on the highways and streets, and their owners have only an equal right with the traveling public to their use. *Bass' Admr.* v. *Norfolk &c. Ry. Co.,* 100 Va. 1, 40 S. E. 100, and authorities cited.

Unless expressly permitted, the speed of a street car ought to be no greater than is reasonable and consistent with the customary use of the highway with safety; and it is the duty of a motorman operating such a car to keep a lookout for persons or vehicles on the highway or street. *Bass* v. *Norfolk &c. Ry. Co., supra; Richmond Pass. &c. Co.* v. *Gordon,* 102 Va. 498, 505, 46 S. E. 772; *Wilkie* v. *Richmond Traction Co.,* 105 Va. 290, 54 S. E. 43.

The first and second counts each set out a good cause of action, and the demurrer to each of them and to the whole delaration was properly overruled.

The third count does not aver in what particular the defendant failed to perform its duty.    It charges generally that the defendant negligently ran its car into the plaintiff's wagon, whilst he was attempting to cross its track.    As a count in trespass on the case, this count is not good under our decisions. See *Hortenstein* v. *Va. Car. Ry. Co.*, 102 Va. 919, 47 S. E. 996; *Lynchburg &c. Co.* v. *Guill*, 107 Va. 86, 57 S. E. 644; *Blackwood Coal & Coke Co.* v. *James' Admr.*, 107 Va. 656, 60 S. E. 90.

But it is insisted that if it be not a good count in case, it is sufficient as a count in trespass.

Conceding that it might be treated as a count in trespass and properly joined with the other counts of the declaration, it is not sufficient.    Whether *an action based upon negligence* be in case or trespass, the same reason exists why the acts of negligence relied on as a basis of recovery should be stated in the one case as in the other.    The object of a declaration is to apprise the adverse party of the ground of complaint.    In actions of tort, as was said in the *Hortenstein* and in the *Guill* cases, *supra*, the declaration must state sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated be proved, the plaintiff is entitled to recover.

It is further insisted that if the trial court erred in not sustaining the demurrer to that count, its action furnishes no sufficient ground for reversing the judgment, since "the verdict could only rest upon the first or second counts, and could not have been found under the third * * *"

There are cases in which judgments have been sustained where demurrers to some of the counts of the declaration have been improperly overruled, but it is only where the court can see that no prejudice did or could have resulted to the defen-

dant from the error. *Standard Oil Co.* v. *Wakefield,* 102 Va. 824, 834, 47 S. E. 830, 66 L. R. A. 792.

That is not this case. Evidence was admitted which tended to show that the motorman had not been properly instructed as a motorman before he was put to work as a motorman, and that the car was without a sand box. There was also evidence tending to prove that there was nothing to obstruct the motorman's vision after his car ran under the electric light near "College Place," and he testified that as soon as he ran under that light he saw the plaintiff's wagon, which was not, as he stated, more than forty feet ahead of him. There is other evidence which tends to show that by actual measurement the distance from that light to the point where the plaintiff's wagon was standing on the track, his horse having balked, was one hundred and seventy feet or more. If the jury believed the motorman's statement as to where and when he first saw the wagon and the evidence of other witnesses as to the distance from that point to the wagon, they might have believed that the cause of the accident was neither an excessive rate of speed nor the want of proper lookout, as charged in the first and second counts of the declaration, respectively, but that it resulted from the failure of the defendant company to exercise due care because of the motorman's want of diligence after he saw the wagon, or because of his incompetency or the inadequate equipment of the car, or from all three causes combined. It is not clear that defendant was not prejudiced by the action of the court in overruling the demurrer to the third count.

Another error assigned is to the action of the court in permitting evidence to be introduced after the parties had announced that they were through with their evidence and the defendant had demurred to it. This question is not likely to arise upon another trial, and as the judgment has to be reversed for the reason hereinbefore stated, it is unnecessary to consider this assignment of error.

The refusal of the court to compel the plaintiff to join in the demurrer to the evidence is assigned as error.

The ground upon which the plaintiff refused to join in the demurrer was, it seems, because the demurrer did not contain the evidence. The court refused to require the plaintiff to join because the stenographer's notes had not been transcribed and presented to the plaintiff's counsel, and that he could not be compelled to do so until this was done.

A demurrer to evidence must contain a statement of the evidence. The nature and the form of the demurrer require this. See 4 Min. Inst. (1st ed.) 748-750, and cases there cited; C. and O. Ry. Co. v. Sparrow, 98 Va. 630, 631-634, 37 S. E. 302, and authorities cited.

While the evidence given in the cause on both sides must be stated in the demurrer, the party demurring is not required to have the notes taken and transcribed by his own stenographer copied into and made a part of the demurrer. All that is required of him is to have the evidence correctly stated in it.

The practice of inserting in demurrers to evidence, and bills of exception, the evidence as taken down and transcribed by a stenographer—questions and answers, relevant and irrelevant matter, discussions at the bar during the trial, rulings and remarks of the court which are not excepted to—is not one to be commended. It largely increases the expenses of copying and printing records, thus burdening litigants with unnecessary costs, and increases the burden of the courts in the examination of cases. The old practice of stating in demurrers to the evidence, or in bills of exception, the substance of the oral testimony material to the issues raised is in most cases and with most witnesses the better one, and ought to be encouraged by the courts.

The trial court in this case was clearly right in refusing to require the plaintiff to join in the demurrer until there was a statement of the evidence in the paper which purported to be a demurrer to the evidence.

The action of the court in giving instructions at the request of the plaintiff, numbered I, II, V, VI, and VIII, is assigned as error. We see no objection to these instructions under the evidence in the case. If there had been any evidence tending to show that the road, upon which the plaintiff was driving his wagon and the defendant was operating its car, was not a public road or highway, the assumption in instruction II that the road upon which the accident happened was a public road might have been erroneous; but as the uncontradicted evidence clearly showed that it was such a road, no prejudice could have resulted to the defendant in not submitting the question assumed to the jury.

The instructions in the case are very numerous and seem to have submitted to the jury fairly and fully the questions involved in the case.

As the evidence may not be the same upon another trial, it is unnecessary to consider the assignment of error based upon the refusal of the court to set the verdict aside.

For the error of the court in not sustaining the demurrer to the third count of the declaration, its judgment must be reversed, the verdict of the jury set aside and the cause remanded to the circuit court, with leave to the plaintiff, if he be so advised, to amend his declaration, and for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*