Statement.

---

## Richmond.

Chesapeake and Ohio Railway Co. v. Melton.

March 10, 1910.

Absent, Buchanan and Whittle, JJ.

1. Pleading—*Declaration—Sufficiency*—A declaration is good which states sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated were proved, the plaintiff would be entitled to recover.

2. Pleading—*Object of Declaration—How Negligence Should Be Averred.*—The office of a declaration is to inform the defendant of the case he has to meet, so that he may have a reasonable opportunity to prepare his defense. The evidence to sustain the case stated, of course, need not be pleaded, but it is not enough to say that the plaintiff was injured as the result of the defendant's careless and negligent conduct. The facts relied on to establish the defendant's negligence must be stated with reasonable certainty. It is not sufficient to aver negligence generally, but the declaration must aver the act of negligence, and show that it is the efficient and proximate cause of the injury complained. of.

3. Appeal and Error—*Defective Counts in Declaration—General Verdict—Reversal—Leave to Amend.*—If a declaration contains several counts based on different causes of action, some of which are bad, a general verdict for the plaintiff will be set aside by this court, as it cannot be told whether it was founded on the good counts or the bad, and the judgment of the trial court thereon will be reversed and the case remanded to the trial court with liberty to the plaintiff, if so advised, to amend the defective counts.

Error to a judgment of the Circuit Court of the city of Newport News in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*R. G. Bickford* and *S. O. Bland,* for the plaintiff in error.

*Ashby & Read* and *Christian & Mitchell,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by A. L. Melton to recover of the Chesapeake and Ohio Railway Company damages for injuries alleged to have been caused by its negligence.

The case involves two separate and distinct alleged causes of action, one of which arose in August, 1907, and the other in January, 1908. There was a demurrer to the declaration and to each of its three counts, which was overruled. Upon the trial there was a demurrer to the evidence, and the jury brought in a general verdict, assessing the plaintiff's damages at $777.50. Thereupon the court overruled the demurrer to the evidence, and gave judgment in favor of the plaintiff for the sum ascertained by the verdict of the jury. To that judgment this writ of error was awarded.

The first assignment of error is to the action of the circuit court in overruling the demurrer to the declaration and to each count thereof.

The first count of the declaration sets forth the first alleged trespass, and avers, in substance, that the defendant company owned and operated at Newport News a railroad yard, made up of many tracks, over which its trains, cars and engines were propelled for the purpose of disconnecting and making up its trains, and doing all those things usual in railroad yards, the said yard terminating on James river, where the defendant owned and operated its certain docks and piers; that the plaintiff was in the employment of the defendant company as section

foreman, and at the time of the alleged grievance was engaged in repairing a switch on the said yard; that while so engaged a yard engine of the defendant, operated and controlled by its employees, approached the switch going to Pier No. 4 of the defendant; that the plaintiff spiked and fixed the switch temporarily so that the engine could proceed on its route; that the employees of the defendant well knew that the switch was out of order, and that provision for the engine passing was of a temporary character, intended only to permit the engine to pass down the track to Pier No. 4, and that it should not pass back over the switch until directed to do so by the plaintiff; that it thereupon became and was the duty of the defendant to use due and proper care to provide the plaintiff with a safe place to work, and to exercise like care not to injure him, and especially was it the defendant's duty to exercise due and proper care not to run its engines and trains upon him; that the employees of the defendant, knowing that the switch was out of order and being repaired by the plaintiff, returned from Pier No. 4 with the engine in front and several cars attached, and without considering the defendant's duty in the premises, but expressly, negligently, wrongfully and wilfully failing and refusing to perform the same, carelessly and negligently failed to keep any proper watch or look ahead, and without ringing the engine bell, blowing its whistle or giving the plaintiff the slightest warning of its approach, though the employees in charge of the engine knew that the plaintiff was at work on the switch, wilfully, negligently, carelessly and wrongfully ran the engine into the switch and against the plaintiff while he was exercising due, lawful and proper care, thereby inflicting the injury complained of.

We are of opinion that this count of the declaration states sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated were proved, the plaintiff would be entitled to recover, and therefore the demurrer thereto was properly overruled. *Hortenstein* v. *Virginia-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996.

The second and third counts of the declaration set forth the second alleged cause of action, which arose in January, 1908. Each of these counts states that the accident complained of was on the yard of the defendant company at Newport News, and repeats the description of the yard given in the first count, and avers that the plaintiff was a section foreman in the employment of the defendant, and at the time of the alleged grievance was engaged in transferring his tools and men from one portion of the yard to another to do certain repair work, and that a collision occurred between a handcar, under the control and management of the plaintiff and an engine of the defendant. These counts of the declaration agree, except that in the third count the allegation is contained that the accident occurred while the plaintiff was endeavoring to remove the handcar from the railroad track in order to prevent the same from being run into and destroyed, while in the second count the allegation is that, as the plaintiff was on his journey on said handcar, a certain railway engine of the defendant, operated and controlled by its employees, was run into, upon and against the said handcar, causing the injuries complained of. The allegations of negligence in both counts are very general—in the second count that the railway engine of the defendant was wilfully, carelessly, negligently and wrongfully run into, upon and against the said handcar; and in the third count that those in control of and operating such engine in disregard of their duty to exercise reasonable and proper care not to injure the plaintiff, who was exercising due and reasonable care, had negligently, carelessly, wrongfully and wilfully run the said engine into, upon and against the said handcar, thereby causing the injuries complained of.

The degree of particularity required in stating the necesssary facts to sustain an allegation of negligence has been repeatedly discussed in a number of very recent decisions of this court. *Hortenstein* v. *Virginia-Carolina Ry. Co., supra; Lynchburg Traction Co.* v. *Guill,* 107 Va. 94, 57 S. E. 664; *Clinchfield Coal Co.* v. *Wheeler's Admr.,* 108 Va. 448, 62 S. E. 269; *N. N.*

*& O. P. Ry. & Elec. Co.* v. *Nicolopoolos,* 109 Va. 165, 63 S. E. 443; *C. & O. Ry. Co.* v. *Hunter,* 109 Va. 341, 64 S. E. 44.

In the case last cited it is said: "The cardinal vice in all these counts is that, while they iterate and reiterate in varying phrase the charge of negligence against the defendant, they wholly omit to state the facts upon which the alleged negligence is predicated. It is well settled that it is not sufficient for the declaration to allege negligence in a general way, for to do so is only to state the pleader's conclusions of law from undisclosed facts; but it must aver the act of negligence relied on with reasonable certainty, and show that such act constitutes the efficient and proximate cause of the injury. Otherwise, no traversable issue is tendered, and the court cannot determine, as a matter of law, whether the declaration states a case of actionable negligence, and the defendant is not advised of the case he is called upon to defend. Our reports contain numerous illustrations of this principle."

In the case of *Lynchburg Traction Co.* v. *Guill, supra,* the court, speaking through the president, says: "Negligence is a conclusion of law from facts sufficiently pleaded. The office of a declaration is to inform the defendant of the case which it has to meet, so that it may have a reasonable opportunity to prepare its defense. It is not enough to say that the plaintiff was injured, and that the injury resulted from the careless and negligent conduct of the defendant, but the facts relied upon to establish the negligence for which the defendant is to be held liable must be stated with reasonable certainty."

In the case of *Newport News & O. P. Ry. & Elec. Co.* v. *Nicolopoolos, supra,* it is said: "The third count does not aver in what particular the defendant failed to perform its duty. It charges generally that the defendant negligently ran its car into the plaintiff's wagon whilst he was attempting to cross its track. As a count in trespass on the case this count is not good under our decisions."

Measured by these well-established principles, the second and

third counts of the declaration in the case at bar are not good. They do not aver any fact relied upon to establish the negligence for which the defendant is to be held liable. Each of said counts amounts to no more than an allegation that a collision occurred on the railroad yards between a handcar under the control of the plaintiff and an engine under the control of other employees of the defendant, and that the engine of the defendant was wilfully, carelessly, negligently and wrongfully run into, upon and against the handcar. There is no allegation which shows any wilful wrong, nor is any omission of duty alleged which would make the conduct of those in charge of the engine either wilful, wrongful or negligent.

In the very recent case of *Wright* v. *Atlantic Coast Line R. Co., ante,* p. 670, this court said: "It is not sufficient to charge that the plaintiff was wilfully and wantonly injured. If that naked allegation were sufficient the plaintiff could, in every case, be easily relieved from the consequences of his own imprudence. Negligence is a conclusion of law from facts sufficiently pleaded. The facts relied on to establish the wilful and wanton negligence, for which the defendant is to be held liable, must be stated with reasonable certainty."

We repeat here what was said in *Hunter's Case, supra:* "This court has not laid down, nor does it propose to establish any unreasonable rules with regard to particularity of averment in declarations in personal injury cases. All that the rule requires is that the declaration shall contain a concise statement of the material facts on which a recovery is demanded. Of course, the evidence relied on to sustain the averments of the declaration need not be pleaded. Surely a rule so essential for the enlightenment of the court and the defendant imposes no unreasonable burden upon the plaintiff. Indeed, it is hard to conceive how any intelligent system of pleading could require less."

The verdict of the jury being general, the court cannot say whether it rests upon the case stated in the first count of the declaration or upon that alleged in the second and third counts,

which are bad. In this situation the judgment complained of must be reversed, for the error of the court in not sustaining the demurrer to the second and third counts of the declaration, the verdict of the jury set aside, and the case remanded to the circuit court for a new trial, with leave to the plaintiff, if he be so advised, to amend the second and third counts of his declaration.

*Reversed.*