Ivey Jackson v. E. F. Edwards.

197 So. 833
En Banc
Opinion Filed August 5, 1940
Rehearing Denied October 12, 1940

*Raleigh  T.  Barber*  and  *McMullen  &  McMullen,*  for Plaintiff in Error ;

*Shackleford, Farrior & Shannon,* for Defendant in Error.

BROWN, J.—Chapter 18033, adopted in 1937, known as "the guest statute," affects purely substantive rights and not

procedure. It limits the right of a guest passenger to recover damages against the owner or operator of a motor vehicle to cases where the injuries sustained shall have been caused by "the gross negligence or wilful and wanton misconduct" of such owner or operator.

The first case in which this Court construed the meaning of this statute was O'Reilly v. Sattler, 193 So. 817, handed down in February of this year. This case will be discussed later.

In the more recent case of Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399, this Court again dealt with this statute and recognized that there may be three degrees of liability in cases of injury or damage arising from negligence, to-wit: negligence, gross negligence and wantonness, and that the guest statute deals with "gross negligence" and "wilful and wanton misconduct." In the opinion in that case, Mr. Justice WHITFIELD, speaking for the Court, said:

"As used in the provisions of Chapter 18033, Acts of 1937, in connection with the words 'or wilful and wanton misconduct,' the words 'gross negligence,' mean a greater degree of negligence than the lack of ordinary care under all the circumstances shown, judged by the usual standards of reasonably prudent conduct. 'Wilful and wanton misconduct' as used in the statute mean at least as great a degree of want of due care as 'gross negligence,' and may also imply a concurring mental process. See O'Reilly v. Sattler (Fla.), 193 So. 817, 5 Am. Jur. 635;" and other authorities."

A reference to 5 Am. Jur. 635-646 and the cases and annotations therein cited shows that there has been considerable variety and some conflict in the definitions given by the courts to the terms used in these so-called "guest statutes." Thus "gross negligence" has been defined by

some of the courts to mean "such a degree of recklessness as approaches wanton and wilful misconduct and seem to treat it as equivalent thereto. It is generally regarded as not amounting to such misconduct." These varying views will be found by reference to 74 A. L. R. 1198; 86 A. L. R. 1145, 96 A. L. R. 1480. In the text of 5 Am. Jur., on page 636, it is said:

"The following elements have been said to be necessary to characterize the injury, to a guest, as wanton or wilful: (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avoid injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of means at hand; and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. Mere misjudgment or carelessly exercised judgment does not amount to such misconduct."

The holding of the Michigan Supreme Court, construing a similar statute to ours, are briefly reviewed in the case of Garvie v. The Cloverleaf, Inc., 136 Fla. 899, 187 So. 360.

Our Court, in the recent case of O'Reilly v. Sattler, 193 So. 817, has held that the words "gross negligence" and "wilful and wanton misconduct' as used in this statute, are synonymous. But in arriving at the intent of the Legislature, we must first determine the meaning of the language used. As we understand the authorities, there is a distinction between gross negligence and wilful misconduct, and that the word "or" in the statute is used in the disjunctive rather than the conjunctive sense. Thus in the case of Florida Ry. & Navigation Co. v. Webster, 25 Fla. 394, 5 So. 714, page 420, of the text of 25 Fla. this Court said:

"There is some looseness and confusion in the books in

the use of the word 'wilful' in connection with negligence, but in our view such connection involves a contradiction in terms, for if there is wilfulness, that removes the case from the category of negligence, because then there is intentional wrong; and it is only when the negligence is marked by 'that reckless indifference to the rights of others which is equivalent to an intentional violation of them,' (91 U. S. *supra*), or, in the language of Sedgwick, by 'a grossly careless disregard of the safety and welfare of the public,' that the law holds the party to the same responsibility as if the offense were intentional, and will add exemplary to compensatory damages."

And in several cases we have held that the word "wilful" means "intentional," that is, "on purpose." See Mitchell v. Mitchell, 91 Fla. 427, 107 So. 630; Williams v. State, 92 Fla. 648, 109 So. 805; Love v. State, 107 Fla. 376, 144 So. 843. In the case last cited it was held that "wilfully" setting fire to or burning would be such an act consciously and intentionally, as distinguished from accidentally and negligently, done, where the negligence was not so gross as that the intention could be implied from the gross disregard of duty constituting the negligence.

In the case of Cannon v. State, 91 Fla. 214, 107 So. 350, this Court said:

"The lower court, in charges 16, 17 and 18, defined 'culpable negligence' in somewhat varying language, but each in substance as 'the omission to do something which a reasonable, prudent and cautious man would do, or the doing of something which such a man would not do, under the circumstances of the particular case.' This may be substantially correct as a definition of simple negligence as the basis for recovery of compensatory damages in civil actions at law. Bucki v. Cone, 25 Fla. 1, p. 23, 6 South. Rep. 160;

Baltimore & P. R. R. Co. v. Jones, 95 U. S. 439, 24 L. Ed. 506; Morris v. Florida Cent. & P. R. R. Co., 43 Fla. 10, Op. 25-6, 29 South. Rep. 541. But to authorize the recovery of exemplary or punitive damages the negligence complained of must be of a 'gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.' Florida South. Ry. Co. v. Hirst, 30 Fla. 1, 11 South. Rep. 506; Florida East Coast R. Co. v. Hayes, 65 Fla. 1, 3, 60 South. Rep. 792; Fitzgerald v. State, 112 Ala. 34, 20 South. Rep. 966; Shaw v. State, 88 Fla. 320, 102 South. Rep. 550; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 419-21, 5 South Rep. 714; Kent v. State, 53 Fla. 51, 43 South. Rep. 773. This definition of the character of negligence necessary to be shown to authorize the recovery of punitive damages may well be applied as a definition of 'culpable negligence' as used in the statute (Section 5039) defining manslaughter. * * * It stands to reason that the degree of negligence to sustain imposition of imprisonment should at least be as high as that required for imposition of punitive damages in a civil action. 29 C. J. 1154; 1 Bishop on Crim. Law (9th ed.) 216, 314." See also F. E. C. Ry. Co. v. Schumacher, 63 Fla. 137, 57 So. 603.

It thus appears that *gross negligence,* as defined in our previous decisions, is made to appear when the defendant's conduct shows a reckless disregard for human life, or that entire want of care which would raise the presumption of

a conscious indifference to consequences, or shows such wanton and reckless indifference to the rights of others as may be equivalent to an intentional violation of them,— which is the character of negligence we have held to be necessary to justify the infliction of punitive damages. But this high degree of "gross" or "wanton" negligence may appear even where there is no actual intention to inflict damage or injury.

The case of Cannon v. State, *supra*, has been followed in several subsequent cases, the latest being the case of Russ v. State, 140 Fla. 217, 191 So. 269, which was a manslaughter case defining the words "culpable negligence." It therefore seems to me that strictly speaking, there cannot be such a thing as "wilful negligence," and therefore "wilful and wanton misconduct" cannot be synonymous with "gross negligence." However, when we get into the realm of "wanton negligence," there is almost a merger with "gross negligence," in that such high degree of negligence may be shown by the conscious and intentional doing of an act, or a conscious failure to act, which will likely or probably result in injury. Thus in the case of Holmes v. Central of Georgia Ry. Co. (Ala.), 116 So. 323, the Alabama Court said:

" 'In wanton negligence, the party doing the act or failing to act, is conscious of his conduct, and, without having the intent to injure, is conscious, from his knowledge of existing circumstances and conditions, that his conduct will likely or probably result in injury.' Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345."

In the case of Florida Southern Ry. Co. v. Hirst, 30 Fla. 1, 11 So. 506, this Court held that the use of the expression "gross negligence" in his charge to a jury does not of itself define, nor does it include only, that extreme degree of

negligence which is wanton or reckless of its injurious consequences and to which the defense of contributory negligence cannot be interposed.

The 11th headnote in that case reads as follows:

"11. Exemplary damages can be allowed in cases of negligence, only where the negligence is of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects; or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness, or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them. As 'gross negligence' is not confined to this extreme degree of negligence, it is not proper to charge a jury simply that gross negligence will justify the imposition of such damages."

To like effect is the case of F. C. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338; see the 5th headnote.

The meaning of the words "serious and wilful misconduct" warranting increased compensation, as used in Workmen's Compensation cases, is thus treated in a note in 16 A. L. R. 620:

" 'The wilful disregard of the safety of an employee means something more than mere negligence or carelessness. To wilfully disregard the safety of an employee is to intentionally do or fail to do something which contributes to the injury, having actual knowledge of the perils incident thereto, or having what in law is equivalent to such actual knowledge.' "

We have long held that a declaration based on a charge of simple negligence is sufficient if it alleges an act or

omission causing the injury and further alleges that such act or omission was negligently done or omitted to be done. As to whether this short and simple rule of pleading should be applied to cases where "gross negligence" or "wilful and wanton misconduct" are the bases of the action, the authorities are not unanimous. In 45 C. J. at page 1100, it is said: "By the weight of authority, however, a general allegation that the injury was wilfully, recklessly, or wantonly inflicted by a specified act or omission on the part of defendant is sufficient, without setting out the specific facts which constitute such wilfulness or wantonness." But it is contended by defendant in error that the majority of the later cases hold, and we now hold in this case, that it is not sufficient to charge merely that the plaintiff was wilfully and wantonly injured by certain specified acts or omissions, but that the facts relied on to establish wilful and wanton misconduct should be stated with reasonable certainty. In view of the fact that this statute, Section 18033, sets up an exception to the former general rule (according to which the owner or operator of a motor vehicle is liable for the injury or damage caused by merely simple negligence, even to a guest), and provides that no person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action *unless* such accident shall have been caused by the "gross negligence or wilful and wanton misconduct" of the owner or operator, the writer agrees with the majority of the Court that, without pleading merely evidentiary matter, the declaration should set out specifically sufficient facts to show that the act of omission causing the injury constituted either gross negligence or wilful and wanton misconduct, even though, in actual practice, this rule may give the trial courts, and this court, some trouble. In

this connection it might be noted that the statute also provides that the question or issue of negligence, gross negligence or wilful and wanton misconduct, as well as the question of proximate cause, shall in all cases be "solely for the jury." Whether that provision of the statute would have any effect on this question of pleading is questionable, to say the least. The pleadings must be settled before the case gets to the jury.

But it seems to us. that the first count of the second amended declaration states a cause of action under this guest statute, even when the rule of pleading above referred to is applied. Eliminating all adjectives, it alleges in substance that on a certain date the defendant by his agent was driving a motor vehicle, known as a truck, northwardly upon State Road No. 23, at about eight o'clock at night, and while the plaintiff was then and there riding as a guest of the defendant in said truck, and at a point of about five miles south of Sun City, "in the County and State aforesaid," the defendant's said agent drove and ran the said truck at an illegal and excessive rate of speed, to-wit: sixty miles an hour; that the highway was straight ahead of the truck; that a south-bound truck was approaching, but the driver of the truck in which plaintiff was riding drove said truck in or near the center of the highway, not allowing sufficient space for the approaching south-bound truck to pass in safety, and thereby caused a collision between the said trucks, which resulted in injury to the plaintiff.

In our opinion these facts show that the driver of the truck was at least guilty of gross negligence, if indeed, he was not guilty also of wilful and wanton misconduct. To drive a truck at night down the middle of the highway, not leaving room for the passage of cars or trucks that might be met on the way, and especially when a truck is approach-

ing from the opposite direction is, to my mind, gross negligence, and, if under such circumstances a guest passenger is injured, he would be entitled to recover damages under this statute, and that if, under such circumstances, death should result, the driver of the truck would be guilty of "culpable negligence" as described in our manslaughter cases; such as Cannon v. State and Russ v. State, *supra*.

We have had several cases before this Court where the appellants have been convicted of manslaughter on the ground of culpable negligence, and sent to the penitentiary for terms of years, and this Court confirmed the convictions, in which the degree of negligence for which these men were sent to the penitentiary was no greater than the negligence charged in the count of the declaration in this case above referred to.

In this general connection see Graham v. Werfel (Ala.), 157 So. 201, and Glashfield Cyc. of Automobile Law, Section 5971.

For these reasons, we hold that the first count of the second amended declaration above referred to states a cause of action under this statute, and that the judgment should be reversed.

Reversed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

BUFORD and THOMAS, J. J., dissent.

BUFORD, J. (dissenting).—On writ of error we review judgment entered in favor of defendant on demurrer sustained to amended declaration, demurrer sustained to second amended declaration and order denying plaintiff the privilege of filing third amended declaration.

The order and judgment of the court below is:

"This cause having heretofore been heard on demurrer

to plaintiff's second amended declaration and full argument having been had thereon by counsel for the respective parties and the court being advised in the premises, having sustained the demurrer, and thereupon counsel for the plaintiff having stated that they did not desire to further amend their declaration but were agreeable to having final judgment entered for the defendant upon the pleadings, and the court did thereupon instruct counsel to prepare order and final judgment in accordance with its ruling.

"Prior to the actual signing of said order and final judgment, the attorneys for the plaintiff did prepare and file with the court a motion for leave to file a third amended declaration, which motion together with the proposed third amended declaration was presented to the court and argument was thereupon had thereon by counsel for the parties to this cause. The court did thereupon take the matter under consideration and has fully reviewed the pleadings filed and steps heretofore had in this cause, to-wit:

. "Upon argument upon the demurrer to the original declaration, the court did find the declaration insufficient and did, thereupon sustain the demurrer and did at that time advise attorneys for the plaintiff that it was, in his opinion, essential in order to state a cause of action under Chapter 18033, Acts of 1937, that the declaration allege and set forth facts sufficient to disclose that the plaintiff's injuries were approximately occasioned by the gross negligence or wilful or wanton misconduct of the defendant. That thereupon the plaintiff filed amended declaration to which demurrer was interposed and again argument was had and declaration was held insufficient upon the same ground, to-wit, that it failed to allege and set forth sufficient facts to disclose a cause of action under the statute. At this argument the court called to the attention of the plaintiff's

counsel that they had failed to comply with the prior ruling of the court and again advised them that in order to state a cause of action under the aforesaid statute that the allegations of the declaration disclose gross negligence or wilful or wanton misconduct of the owner or operator of the car as a proximate cause of the collision. Subsequent to the entry of the aforesaid order sustaining said declaration, the plaintiff did file motion for rehearing and to set aside said order and the court did permit full argument to be had on said motion and did affirm its prior order sustaining the demurrer and did particularly call same to the attention of counsel for the plaintiff. Thereupon plaintiff did, on November 21, 1939, file his second amended declaration, to which demurrer was again interposed, and upon argument had, the court did announce that the declaration was insufficient upon the same ground, to-wit, that the allegations thereof did not disclose gross negligence or wilful or wanton misconduct of the defendant as a proximate cause of the collision. Thereupon, the plaintiff, through his counsel, did state that he did not care to further amend his declaration for that he had pleaded all of the facts incident to the happening upon which recovery was sought, and that he was agreeable to entry of final judgment as he could not strengthen the allegations of the declaration.

"The matter is now before the court upon the motion of the plaintiff for leave to file a third amended declaration, argument upon which motion has been had and counsel for the plaintiff have stated that they were advised at the time of the preparation of the original declaration in this cause of the facts which they have now alleged for the first time in the third amended declaration which they now present to the court and which they now ask leave to file. It thus appears that plaintiff's counsel have been in possession of

said facts which they now claim are the basis of their cause of action since July 3, 1939, during which period four arguments have been had before this court, in each of which this court has expressed the positive view that it was essential in order for the plaintiff to state a cause of action that he allege facts sufficient to disclose that the gross negligence or wilful or wanton misconduct of the defendant was the proximate cause of the collision. This court is unable to ascertain any valid reason for the failure of the plaintiff to previously allege the facts now set forth in the proposed third amended declaration other than that plaintiff's counsel were unwilling to comply with the repeated rulings and announcements of this Court.

"While this court is in full accord with the view that litigants should not be precluded from securing a determination of their rights on the merits, nevertheless there must be a reasonable disposition on the part of the counsel to conserve the time of the court to the end of terminating litigation. Premises considered, this court is of the opinion that the plaintiff has had full and ample opportunity to state a cause of action in accordance with the facts and the rulings of this court and that the plaintiff has abused the prior privileges extended him by the court and has wholly failed to comply with the law of this case as repeatedly announced by this court, wherefore, plaintiff's motion for leave to file the proposed third amended declaration be, and the same is, hereby denied and it is hereby ORDERED AND ADJUDGED that the demurrer of the defendant to the second amended declaration be, and the same is, hereby sustained.

"It is further ORDERED AND DECREED that final judgment be, and the same is, hereby entered against the plaintiff upon the pleadings and that the plaintiff take nothing by his plaint and that defendant go hence without day, and that the de-

fendant do have and recover of and from the plaintiff, its costs in this behalf to be taxed by the clerk of this court.

"DONE AND ORDERED at Tampa, Florida, this 4th day of April, A. D. 1940."

The order shows on its face that there was not such abuse of judicial discretion in denying leave to file the proposed third amended declaration as to require reversal of the cause.

The record shows that plaintiff sought recovery for injuries received under application of the provisions of Chapter 18033, Acts of 1937, known as the "Guest Statute," Section 1 of which provides:

"Section 1. That no person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful or wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought, provided that the question or issue of negligence, gross negligence and wilful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury. Provided that nothing in this Act shall apply to school children or other students being transported to or from schools or places of learning in this State."

The first count of the second amended declaration alleges, *inter alia:*

"That on the day aforesaid in the County and State afore-

said, while the defendant by his agent, was driving the aforesaid motor vehicle known as a truck, northerly upon said State Road No. 23, at about 8:30 o'clock at night, and while the plaintiff was then and there riding as a guest of defendant in said truck, at a point, to-wit: about five miles south of Sun City, said defendant by and through his said agent recklessly and wantonly drove and ran the said truck, in this that the driver of the said truck drove and ran the same at an illegal and excessive rate of speed, to-wit: sixty miles an hour, that the highway was straight ahead of the truck in which plaintiff was riding and the driver thereof saw, or if he had been watching as it was his duty to do, he could have seen, a south-bound truck approaching and avoided the collision therewith, but the driver of the truck in which plaintiff was riding recklessly and wantonly drove the said truck in or near the center of the highway, not allowing sufficient space for the approaching south-bound truck to pass safely, thereby causing a collision between the said trucks, that the truck in which plaintiff was riding had a flat floor without sides, in the greater part of the center of which floor were stacked empty orange boxes, leaving a margin of space on each side and in the rear of said orange boxes, and plaintiff, together with about fourteen other persons, was occupying the space on each side and in the rear of the orange boxes, that plaintiff was sitting on the left side of the floor of said truck, facing outward, with his feet hanging over the edge of the floor at the time that the driver of the said truck, by driving the same at an illegal and excessive rate of speed and in or near the center of the road recklessly and wantonly caused the collision above mentioned, and by reason of the wantonness aforesaid, the defendant wantonly injured the plaintiff." * * *

The second count is no more definite in its allegations than is the first count.

The allegations of the declaration would have been entirely sufficient in the case of one who occupied the status of a passenger for hire, or in a case where one not a "guest passenger" was injured by the negligent operation of a motor vehicle.

I am of the opinion that by the enactment of the statute, *supra*, the Legislature intended to limit the right of recovery by a non-paying guest to injuries sustained by reason of the *wilful* and *wanton* misconduct of the owner or operator of the automobile in which such guest may receive injuries and I construe the words "gross negligence" and the words "wilful and wanton" as used in the statute to have one and the same meaning. That, as used, the phrases mean either an actual or a constructive intent to injure.

As is said in 45 C. J. 675, Section 41, "Intent to do or omit act.—In order that an act or omission may properly be characterized as either wilful or wanton there must be, on the part of the person sought to be charged, a conscious intent to do or omit the act in question; an intentional failure to perform a manifest duty. Consequently, mere inattention does not amount to wilfulness or wantonness."

There is much confusion in the early decisions involving automobile accident cases as to the degree of care which the defendant owed to an invited guest and as to whether or not it was necessary to *plead* and *prove* gross negligence or only ordinary negligence, but the enactment of statutes such as we have here has greatly simplified the matter. It appears that now by the great weight of authority under statutes of this sort it is necessary that the guest seeking recovery, unless the common law rules of pleading are modified, allege *facts* showing wilful and wanton negligence and

that such facts must be such as to lift the defendant's faults of omission or commission above ordinary negligence. See Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9, page 210, Sec. 5971; Anderson's Treatise on "An Automobile Accident Suit," page 94.

It is not enough to charge that the conduct of defendant was wilful or wanton or that plaintiff was wilfully and wantonly injured, but sufficient facts must be alleged to establish the wilfulness or the wantonness of the alleged act of omission or commission. See C. & O. Ry. Co. v. Melton, 110 Va. 728, 67 S. E. 346; Wright v. A. C. L. Ry. Co., 110 Va. 670, 66 S. E. 848; Raub v. Rowe, 119 S. W. (2) 190 (Tex. Civ. App.); Peavy v. Peavy, 36 Ga. App. 202; 136 S. E. 96; Nauzdius v. Lahr, 253 Mich 216, 234 N. W. 581; Universal Concrete Pipe Co. v. Bassett, 130 Ohio St. 567, 20 N. E. 843.

In the last cited case it was held that, "Facts must be pleaded which reveal on their face the element of wantonness, and they must be proved as pleaded."

To like effect is Vecchio v. Vecchio, 131 Ohio St. 59, 1 N. E. (2nd) 624; Bartlett v. Jackson, 13 Cal. App. (2) 435, 56 Pac. (2nd) 1298; Harrison v. Formby, 225 Ala. 260; 142 Sou. 572; Aldworth v. F. W. Woolworth Co., 295 Mass. 344, 3 N. E. (2nd) 1008.

In the case of O'Reilly v. Sattler, 141 Fla. 770, 193 Sou. 817, the sufficiency of the allegations of the declaration was not dealt with, but this Court, speaking through Mr. Chief Justice TERRELL, said:

"Taken in their ordinary use, the words 'gross negligence' and 'wilful and wanton misconduct' are not synonymous, but in the statute under review, they are connected by the conjunction 'or' and impart a similar degree of negligence. We, therefore, hold that as here employed, they are synony-

mous and we further hold·that they must be supported by conclusive proof of gross negligence before a verdict will be permitted to stand. A mere showing of ordinary negligence is not sufficient."

I find no reversible error reflected in the record. I therefore think it should be affirmed.

THOMAS, J., concurs.