## HOLLANDER v. DAVIS.

### No. 9827.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1941.

Rehearing Denied July 14, 1941.

Sydney L. Weintraub, of Miami, Fla., for appellant.

T. J. Blackwell, W. H. Walker, Jr., and Herschel E. Smith, all of Miami, Fla., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Helen Hollander, a citizen of Florida, brought suit for damages for personal injuries against Emilie P. Davis and her husband Charles B. Davis, citizens of New Jersey. Charles B. Davis died before the case was heard and on suggestion of counsel and motion of the plaintiff the suit was dismissed as to him. Mrs. Davis filed a motion to dismiss the complaint as last amended on the ground that it failed to state a claim against her upon which relief could be granted. After a hearing on the motion to dismiss, the court entered judgment dismissing the cause, and Helen Hollander appealed.

The important facts alleged in the complaint as last amended show that Mrs. Davis lived in New Jersey; that she owned an automobile which she turned over to her husband, Charles B. Davis, for the purpose of having him drive it to Miami, Florida, where she was to meet him and take over the car when she came down later by train; that Mrs. Davis invited Helen Hollander to travel in the car to Florida with Mr. Davis; that the invitation was accepted and Helen Hollander became a guest passenger in the automobile for the trip; that on the trip Mr. Davis while driving the car along a paved public highway in Florida at a speed of seventy miles per hour approaching a curve attempted to pass other cars traveling in the same direction, when another car was approaching from the opposite direction; that in passing these cars he usurped the way of oncoming cars and in doing so either ran into another automobile, which was in its rightful place, or else, in attempting to escape contact with the other car, he lost control of the machine and it left the highway and turned over several times and landed in a ditch, and Helen Hollander was seriously injured.

In Florida one riding in an automobile as the guest of the owner may not recover damages against the owner for injuries received while riding as such guest unless the owner of the car, or the agent of the owner, was guilty of gross negligence or wilful and wanton misconduct in and about the management of the automobile. Florida Automobile Guest Statute, Chapter 18033, Acts 1937.

The only issue in the case is whether the complaint as last amended narrates a state of facts that measure to gross negligence or wilful and wanton misconduct. The test may be more nearly ascertained by defining in some sort ordinary negligence and gross negligence or wilful and wanton misconduct. Ordinary negligence is the failure to exercise that degree of care, precaution, and vigilance which an ordinarily prudent man would exercise, whereby and as a proximate consequence whereof the person or property of another is injured.

In construing the Florida Automobile Guest Statute the Supreme Court of Florida has held that the terms "gross negligence" and "wilful and wanton misconduct", as employed in the statute, "are synonymous", and has also held the contrary, but the cases agree that a "mere showing of ordinary negligence is not sufficient." O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817, 818; Winthrop v. Carnihas, 142 Fla. 588, 195 So. 399; Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886.

Gross negligence has been defined as the "entire absence of care", or "very great negligence". 45 C.J. Negligence § 36. Gross negligence is a relative term which is to be understood as meaning "a greater want of care than is implied from the term ordinary negligence; but the circumstances of each particular case are to be taken into consideration, and what might merely be ordinary negligence under one set of circumstances or conditions might constitute gross negligence under other conditions or circumstances." 45 C.J. p. 699. Gross negligence consists of such utter disregard of dictates of prudence, amounting to complete neglect of a guest's safety. Manning v. Simpson, 261 Mass. 494, 159 N.E. 440.

Certain it is that the conduct of the driver of the automobile as described in the last amended complaint rises above ordinary negligence. An automobile moving at seventy miles per hour is traveling at a speed of approximately 6,160 feet per minute, 103 feet per second, and where the driver of such car attempts to pass other cars on a curve and in so doing takes over and usurps the way of oncoming automobiles he can be held by a jury to be guilty

of gross negligence or wilful and wanton misconduct.

The sharp and technical condemnation of pleading that once obtained does not now exist. If the complaint states fully and simply a statement of the cause of action it is sufficient; and if such narrated facts measure to gross negligence or wilful and wanton misconduct it meets the requirements of the Florida Automobile Guest Statute. Rule 8, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c; Holtzoff, New Federal Procedure and the Courts, p. 24; Cf. O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817; Winthrop v. Carnihas, 142 Fla. 588, 195 So. 399; Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886.

The facts as marshaled and set out in the last amended complaint may measure to gross negligence or wilful and wanton misconduct. This presents a question to be heard on the merits and the court erred in dismissing the cause of action on the pleadings.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.