112 So.2d 71 (1959)
Royal CARRAWAY, Appellant,
v.
Guy REVELL, Individually, and dba Revell Motor Company, and Associates Discount Corporation, an Indiana corporation authorized to do business in the State of Florida, Appellees.
No. A-473.
District Court of Appeal of Florida. First District.
March 26, 1959.
Rehearing Denied May 15, 1959.
On Petition to Certify Question of Great Public Interest May 14, 1959.
*72 Hall, Hartwell & Douglass, Tallahassee, for appellant.
Keen, O'Kelley & Spitz, Tallahassee, for appellees.
WIGGINTON, Judge.
Plaintiff brought suit under the guest statute to recover damages for the death of his son while riding as a passenger in an automobile owned by defendant. The case was tried without a jury resulting in a verdict and judgment in favor of defendant.
At the conclusion of the trial the court made certain findings of fact and concluded that the plaintiff had failed to prove by a perponderance of the evidence that the driver of the automobile was guilty of gross negligence. It was upon these findings and conclusion that judgment was entered in defendant's favor.
In its order denying plaintiff's motion for new trial the court assigned as its reasons, among other things, that it appears to him that gross negligence in a guest passenger civil action is the same in legal contemplation as culpable negligence in a manslaughter case, and that in order to sustain a finding of liability in a guest passenger case there must be that degree of negligence which would be sufficient to support a manslaughter conviction when there is a death involved. The order further recited that the only distinction between the consideration that a court should give to an issue involving gross negligence in a civil action and culpable negligence in a criminal case is the quantum of proof.
The error assigned on appeal is that the trial court applied to the evidence an incorrect rule of law in finding that plaintiff had not established that defendant was guilty of gross negligence. It is contended that this error resulted from the court's misconception that gross negligence in a guest passenger civil action is the same in legal contemplation as culpable negligence in a manslaughter case, and that the degree of proof required to authorize recovery in a civil action is the same as that which would sustain a conviction for manslaughter.
Our statute defining manslaughter is of ancient origin, and provides that the *73 killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide or murder, shall be deemed manslaughter.[1] After the advent of the motor vehicle this statute became applicable to those cases where the death of a human being was caused by the culpable negligence of the operator of the vehicle.
The landmark decision in this jurisdiction defines the words "culpable negligence" as used in the manslaughter statute to mean something more than such simple negligence as would authorize the recovery of merely compensatory damages in a civil action. As used in this statute, culpable negligence means negligence of a gross and flagrant character, evincing reckless disregard of human life, or the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness, or a grossly careless diregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.[2] The foregoing definition of culpable negligence has been consistently adhered to by the courts of this jurisdiction.[3]
It is important to keep in mind the above-mentioned definition of culpable negligence, as in subsequent decisions such has been adopted in defining the character of negligence necessary to authorize recovery of punitive damages, as well as to sustain a recovery under the guest statute for gross negligence or wilful or wanton misconduct.
Before the adoption of our guest statute our Supreme Court, in a decision involving a conviction for manslaughter, found that gross negligence and culpable negligence are not necessarily synonymous, although culpable negligence might be gross negligence and gross negligence might be culpable negligence.[4]
It should be pointed out that our research fails to reveal any decision subsequent to the adoption of the guest statute in which the above stated principle has been followed or adhered to.
Before the adoption of the guest statute our Supreme Court held that to authorize the imposition of punitive or exemplary damages in a civil action, the evidence must show that the negligence complained of was of a gross and flagrant character, evincing a reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or such an entire want of care as would raise the presumption of a conscious indifference to consequences or which shows such wantonness or reckless or such grossly careless disregard of the rights or safety of others as may be equivalent to an intentional violation of them.[5]
Thus it is seen that the character of proof required to authorize the imposition of punitive or exemplary damages has been held to be the identical character of proof required to sustain a conviction for manslaughter as defined in the Cannon case, supra.
In 1937 our Legislature adopted what is popularly referred to as the guest statute, which provides that no person transported by the owner or operator of a motor vehicle as his guest or passenger without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or *74 loss in case of accident unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle.[6]
In a decision rendered shortly after the adoption of the guest statute our Supreme Court indicated that the terms "gross negligence" and "willful and wanton misconduct" as employed in the statute meant different things, each denoting a different degree of negligence, and requiring a different character of proof in order to sustain a cause of action based upon either theory.[7] This apparent distinction was subsequently receded from and overruled by our Supreme Court in later decisions, and it is now firmly established that the terms "gross negligence" and "willful and wanton misconduct" as used in the guest statute are synonymous.[8]
In a subsequent decision involving a manslaughter conviction, our Supreme Court held that in order to sustain a conviction in a criminal case for the negligent operation of an automobile on a highway, the evidence adduced to support the charge should be at least as high as that required for the imposition of punitive damages in a civil suit. The burden of proof authorizing a recovery for the plaintiff for negligence in a civil suit must show it to be of a gross and flagrant character evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects; or an entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public or the reckless indifference to the rights of others which is equivalent to an intentional violation of them.[9] This decision, rendered subsequent to the adoption of the guest statute, re-affirms the prior holding that the character of negligence necessary to be shown in order to sustain a recovery for punitive damages in a civil action is the same as that required to sustain a conviction for manslaughter in a criminal action.
In a later decision interpreting the guest statute our Supreme Court held that the character of proof required to sustain a recovery of punitive or exemplary damages was the same as that required to sustain a recovery for gross negligence. The Court said it thus appears that gross negligence, as defined in its previous decisions, is made to appear when the defendant's conduct shows a reckless disregard for human life, or that entire want of care which would raise the presumption of a conscious indifference to consequences, or shows such wanton and reckless indifference to the rights of others as may be equivalent to an intentional violation of them,  which is the character of negligence it had held to be necessary to justify the infliction of punitive damages. But this high degree of gross or wanton negligence may appear even where there is no actual intention to inflict damage or injury. The opinion further states that the facts show the driver of the truck was at least guilty of gross negligence, and, if under such circumstances a guest passenger is injured, he would be entitled to recover damages under this statute, and that if, under such circumstances, death should result, the driver of the truck would be guilty of "culpable negligence" as defined in our manslaughter statute.[10]
In an opinion involving a conviction for manslaughter our Supreme Court said that *75 it had referred to the cases arising under the guest statute because in that field there are decisions of the court particularly in point with reference to the fact situation involved in the main case. It observed that decisions arising under our guest statute must necessarily be relevant to cases in which there is a prosecution for manslaughter by the operation of an automobile. It was held that this was true because there can be no doubt that the culpable conduct to sustain imprisonment (under the manslaughter statute) must be of a kind sufficient at least to sustain an action for civil liability under our guest statute.[11]
From the foregoing analysis we are of the opinion that the pyramiding progression of case law emanating from the diverse factual situations which are inherent in this field of the law has established that the character of negligence necessary to sustain a conviction for manslaughter is the same as that required to sustain a recovery for punitive damages, or damages resulting from gross negligence or wilful and wanton misconduct under the guest statute. It is this current status of authority upon which the trial judge relied as the predicate for the judgment here assaulted. We remind again that we are here dealing only with the quality of evidence as distinguished from the quantum of proof necessary to sustain judgments in the criminal and civil actions mentioned herein. Obviously in criminal actions guilt must be established beyond and to the exclusion of a reasonable doubt, while in civil actions the cause must be proved by a preponderance of the evidence. In deference to the too often abandoned dictates of stare decisis, we must hold that the trial judge was not in error.
Appellant further contends that the evidence adduced at the trial was sufficient to establish by a preponderance that defendant was guilty of gross negligence within the purview of the guest statute. We have carefully reviewed the evidence but agree with the trial judge that it falls short of sustaining the burden of proof within the contemplation of the applicable provisions of law.
For the foregoing reasons the judgment appealed from is affirmed.
CARROLL, DONALD K., J., and THORNAL, Associate Judge, concur.

On Petition to Certify Question Involved as one of Great Public Interest.
PER CURIAM.
By our opinion rendered in this case we affirmed the judgment and order entered by the trial court which held that the character of negligence necessary to sustain a conviction for manslaughter is the same as that required to sustain a recovery for punitive damages or damages resulting from gross negligence or wilful and wanton misconduct under the guest passenger statute, F.S. Sec. 320.59, F.S.A. Our decision was controlled by former decisions of the Supreme Court of Florida in the numerous cases cited therein.
Following our decision the appellant petitioned this court to certify the question involved as one of great public interest pursuant to the authority contained in Section 4, of Article V, of the Florida Constitution, F.S.A. Such a certificate will constitute sufficient predicate on which the appellant may petition the Supreme Court for a writ of certiorari to re-examine its decisions in the several cases cited in our opinion. Petitioner suggests that the rule of law enunciated in our opinion is unsound in that it casts upon a plaintiff in a civil action for damages under the guest statute a greater burden of proof in order to sustain a recovery thereunder than was contemplated by the legislature in the enactment of the *76 statute under consideration. If so, it is our view that the decisions of our Supreme Court on which we relied in reaching our conclusion should be re-examined by that court and a new rule of law applicable throughout the State of Florida be promulgated.
Under the above referred to provisions of the Constitution we are of the opinion that the only issue now before us is whether the question involved in this case is one of great public interest. The rapid increasing population of our State with the attendant increase of automobile vehicular traffic over the streets, roads and highways thereof, when considered in the light of the Automobile Responsibility Act requiring the maintenance of liability insurance by the owners of motor vehicles, emphasizes the importance of a settled rule of law fixing the character of evidence necessary to establish liability of motor vehicle owners to guest passengers who are injured as a result of negligence. The court judicially notices that trial courts throughout our State are applying different standards to the character of proof required to sustain recoveries under the guest statute resulting from the unsettled condition of the law applicable to this subject, which confusion materially affects the rights of litigants as well as the interest of the insurers engaged in the field of automobile liability insurance.
We are of the opinion that petitioner's motion for the issuance of the certificate requested is proper and should be granted. For the foregoing reasons and pursuant to Section 4(2), Article V, Constitution of Florida, we hereby certify to the Supreme Court of Florida that our decision rendered in this cause on March 26, 1959, passes upon a question of great public interest.
WIGGINTON, Acting C.J., CARROLL, DONALD K., J., and THORNAL, Associate Judge, concur.
NOTES
[1] F.S. § 782.07, F.S.A.
[2] Cannon v. State, 91 Fla. 214, 107 So. 360.
[3] Jackson v. State, Fla.App. 1958, 100 So.2d 839; Porter v. State, Fla. 1956, 88 So.2d 924.
[4] Franklin v. State, 120 Fla. 686, 163 So. 55.
[5] Florida Southern Ry. Co. v. Hirst, 30 Fla. 1, 11 So. 506, 16 L.R.A. 631; Cannon v. State, supra note 2.
[6] F.S. § 320.59, F.S.A.
[7] Jackson v. Edwards, 144 Fla. 187, 197 So. 833.
[8] Faircloth v. Hill, Fla. 1956, 85 So.2d 870; Orme v. Burr, 157 Fla. 378, 25 So.2d 870; McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867; Cormier v. Williams, 148 Fla. 201, 4 So.2d 525.
[9] Savage v. State, 152 Fla. 367, 11 So.2d 778.
[10] Jackson v. Edwards, supra note 7.
[11] Miller v. State, Fla. 1954, 75 So.2d 312.