FERGUSON, Judge
(dissenting).
Whether the undisputedly negligent act of the defendant rose to the level of gross negligence under the circumstances was a question which should have been, and was, properly given to the jury to decide. In reversing the judgment the majority has necessarily, and improvidently, invaded the jury’s province. This was not so clearly a case deficient in evidence of gross negligence that a right to a trial by jury should have been denied.
*280 Ernest Robinson, a stunt double for the character Tubbs on the television show Miami Vice, was severely injured when J.B. Jones, the show's special effects professional, prematurely detonated a “simulation” explosion. The scene called for the characters Tubbs and Crockett to discover a bomb planted on a body hidden in a closet and then to escape by jumping through a breakaway “candy glass” window as the building exploded behind them.
Jones, a highly experienced special effects professional, created an explosive device with mortar pots, black-powder bombs, sawdust, gas, a shooting line, battery, and a plunger. He was instructed to push the plunger to ignite the special effect after Robinson had cleared the window by approximately eighteen inches. During the take Jones focused solely on Foxworth, the first man to clear the window, and detonated the special effect before Robinson was clear of danger. Robinson was hurled several feet by the fiery explosion, clothes ablaze, suffering serious injuries. He filed an action against Jones alleging that because of Jones’s gross negligence, he is permanently disabled, in pain, and unable to work in the same profession.
Undoubtedly the premature explosion made for a good take, in industry parlance, but at a high price in human suffering. A replay of the tapes showed that Jones pressed the plunger before Robinson had cleared the window. Jones admitted that he never actually saw Robinson come through the window; he just “kind of thought he was there” and “visualized in [his] mind that he was there.” Jones’s expert witness testified that if Jones was not sure that Robinson was in a safe position he should have aborted the stunt. Jones himself testified that the special effect was one that could cause serious injury if something went wrong and that a person in his position should detonate only when “100 percent sure that it’s safe to do so.” But, according to Jones, “as a rule” he does not abort stunts. In fact, he has never in his career aborted a stunt.
The defense moved for a directed verdict arguing that as a matter of law there was no gross negligence. The trial court disagreed and, after an instruction on gross negligence, gave the issue to the jury. At the conclusion of the seven-day trial, the jury returned a verdict for Robinson.
Three basic principles of law, applicable to the facts, shield the jury verdict from appellate interference: (1) gross negligence is that act or omission which a reasonably prudent person would know would probably and most likely result in an injury to another. Glaab v. Caudill, 236 So.2d 180, 182 (Fla. 2d DCA 1970); (2) an act can be grossly negligent even where there is no actual intent to inflict injury. Jackson v. Edwards, 144 Fla. 187, 197 So. 833, 835 (1940); and (3) an individual with superior knowledge or skill has a duty to act in accordance with his special ability. Miriam Mascheck, Inc. v. Mausner, 264 So.2d 859, 861 (Fla. 3d DCA 1972).
It is axiomatic that a motion for directed verdict may be granted “only if there is no evidence or reasonable inferences to support the opposing position.” Stirling v. Sapp, 229 So.2d 850, 852 (Fla.1969) (original emphasis); Yanks v. Barnett, 563 So.2d 776, 777 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 295 (Fla.1991); see also Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 941 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla.1987) (directed verdict proper only where record conclusively shows absence of facts or inferences supporting jury verdict, viewing evidence in light most favorable to nonmoving party). The defendant’s conduct, considering the high degree of manifest danger, fell far below that required of one with his special skill.
Even where the line separating simple and gross negligence is doubtful or indistinct, “the question of whether the negligence is ordinary or gross is one which should be submitted to the jury.” Courtney v. Florida Transformer, Inc., 549 So.2d 1061, 1065 (Fla. 3d DCA 1989) (quoting Foy v. Fleming, 168 So.2d 177, 179 (Fla. 1st DCA 1964)). Based on the evidence presented at trial the jury fairly found that Jones had performed a voluntary or conscious act or omission that a *281 person with his expertise should have known would eause serious injury or death. The majority’s reversal of that factual finding is simple meddling.